Burnadetta Bixler, Petitioner *v.* Lawrence L. and Julia Z. Hoverter, Respondents.

Argued January 29, 1985, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Daniel L. Sullivan, Shearer, Mette & Woodside,* for petitioner.

*Allan W. Holman, Jr.,* for respondents.

OPINION BY SENIOR JUDGE KALISH, May 1, 1985:

Burnadetta Bixler (Bixler) has appealed from an order of the Board of Property (Board) denying her

application for a patent for a number of acres of un-
improved and vacant land, and granting Lawrence L.
and Julia Z. Hoverter (Hoverters) reasonable time
to file an application for a patent for the same land.
On June 2, 1978, Bixler filed an application for a
patent on 9.5[1] acres of ground in Perry County, Penn-
sylvania. The Hoverters subsequently filed a caveat
to the application and, following the Board's decision,
an application for a patent.

Section 4 of the Pennsylvania Public Lands Act
(Act), Act of July 9, 1959, P.L. 510, 64 P.S. §604, pro-
vides that any person may make an application for
tract of vacant or unappropriated land and, if all the
prerequisites[2] are met, a patent will be issued, pro-
vided that there has been a disposal of any caveat.
However, no patent can be issued where the land, as
a whole or in part, has been cleared and fenced or
otherwise improved. Section 14 of the Act, 64 P.S.
§614.

After holding hearings, the Board concluded the
Hoverters had improved the land within the meaning
of Section 14 of the Act by constructing a tote road
for lumbering purposes through the disputed land

---

[1] The acreage was later reduced to 6.3 acres.

[2] Section 4 of the Act, 64 P.S. §604 provides in full:

  Subject to the right of the Department of Forests and
  Waters [now the Department of Environmental Resources]
  to acquire and have the lands patented to the Common-
  wealth, for forest culture, forest reservation or State park
  purposes, as provided by section 6 of this act, any person
  may make application for a warrant to have a survey made
  of any tract of vacant or unappropriated land, and on the
  return thereof, together with proofs of advertisement, have
  a patent issued thereon to the named applicant by the de-
  partment, with the approval of the Governor, provided any
  caveat entered is finally disposed of in favor of applicant
  and the applicant has complied with all applicable laws and
  regulations.

during the summer of 1977, and had contracted for and were actually cutting timber from the land prior to any knowledge of Bixler's claim.

Bixler contends that since the Board stated "that there is no evidence which contradicts the *presumption* that the tote road was contructed prior to any claim by Bixler," the Board made an improper conclusion and an error of law.

The term presumption is often used loosely and in a variety of senses in the cases. *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 173 A. 644 (1934).

A presumption is a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence. An inference, on the other hand, is simply a clear, logical, reasonable and natural conclusion which the trier of fact may embrace or reject based on the evidence in the case. *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972). The employment in this case of the term "presumption" is due simply to its historical usage; presumption was originally a term equivalent in one sense to an inference. From the Board's opinion it is clear that it was dealing only with a permissible inference because the evidence competently established that the tote road was constructed and that the lumber was actually removed and sold. It was clear and reasonable to infer that this occurred before the Bixler claim.

Bixler also contends that the wrong procedure was used at the hearing. Section 137.9 of the Pennsylvania Code, 4 Pa. Code §137.9, provides that the party who enters a caveat shall become the plaintiff and shall open the case. This procedure was not followed at the hearing before the Board. However, it is clear from the record that the Hoverters met their burden of proof with substantial evidence. We affirm.

92

ORDER

The order of the Board of Property for Patent No. 718, dated April 25, 1984, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.