## Newell v. Giant Food Stores

430

C.P. of Lehigh County, no. 1998-C-2741.

*Neil E. Durkin,* for plaintiffs.
*George B. Fuller Jr.,* for defendant.

FORD, *J.,* May 31, 2000—On December 29, 1999, the defendant filed a motion for summary judgment. The defendant argues that the plaintiffs' evidence lacks essential elements of the cause of action so that, as a matter of law, this case cannot proceed to a jury trial. Plaintiffs dispute this. Oral argument was conducted on April 11, 2000.

The plaintiff, Elizabeth Newell, alleges that she fell in the Giant supermarket on Emmaus Avenue, in Allentown, Lehigh County, Pennsylvania. The fall occurred in the bread aisle of the store. Her allegation is that she slipped on a "squashed grape which had been left on the floor." Is the evidence sufficient to establish the defen-

dant's responsibility in negligence for that grape on the floor?

The standards for summary judgment are oft cited, well-known and agreed by the parties. Summary judgment is proper "where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law." *Smitley v. Holiday Rambler Corp.,* 707 A.2d 520, 525 (Pa. Super. 1998). The moving party has the initial burden of proving that no genuine issue of material fact exists. *Id.* However, the adverse party may not rest merely upon the allegations or denials in the pleadings, but must file a response within 30 days after service of the motion for summary judgment. Pa.R.C.P. 1035.3(a). The adverse party must identify "evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Eaddy v. Hamaty,* 694 A.2d 639, 643 (Pa. Super. 1997) (quoting Pa.R.C.P. 1035.3(a)(2)).

The burden of proving that no genuine issue of fact exists rests solely on the moving party. *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party and "must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom." *Jefferson v. State Farm Insurance Co.,* 380 Pa. Super. 167, 170, 551 A.2d 283, 284 (1988). All doubts as to the existence of a material fact must be resolved against the

moving party. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979).

Summary judgment should only be granted in the "clearest case, where the right is free and clear from doubt." *Pennsylvania Gas & Water Co. v. Nenna and Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983).

The parties agree about the requirements which the law places on a business proprietor in its relationship with a business invitee, for any injuries that the latter may suffer at the proprietor's business establishment.

*Martino v. Great Atlantic & Pacific Tea Co.,* 419 Pa. 229, 213 A.2d 608 (1965), is a case involving a slip on a grape in a food store. It provides a succinct statement of the law with respect to the obligation of the store owner to the patron:

"An accurate statement of the law of Pennsylvania applicable to the instant situation is set forth in section 343 of the Restatement of Torts as follows: 'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them.' . . .

"Appellant's burden was to prove that the dangerous condition of appellee's premises causing the fall resulted from appellee's negligence; that appellee was aware that grapes and other refuse were on the floor and made no efforts to remove them." *Id.* at 233, 213 A.2d at 610. (citation omitted)

To the same effect is *Myers v. Penn Traffic Company,* 414 Pa. Super. 181, 606 A.2d 926 (1992), yet another slip on a grape (or built-up wax) case. There, the court stated the following:

"It is unquestionable that a store owner owes a duty of care to the patrons of the store. However, the owner of the store is not an insurer of the safety of its customers. . . . Moreover,

" 'the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence.' " *Id.* at 184-85, 626 A.2d at 928. (citations omitted)

The court in *Myers* then indicated the applicability of Restatement (Second) of Torts §343, noting the requirement that the store owner have actual or constructive notice of a hazardous condition before liability can be imposed on the store owner.

What evidence exists to show that the defendant knew or should have known that there was a grape on the floor of the bread aisle which created an unsafe condition for the plaintiff? Plaintiffs advance three arguments from the record in an attempt to demonstrate notice to the defendant of the dangerous condition. We examine each of these contentions.

Plaintiffs first point to the testimony of the plaintiff, Mrs. Newell. Mrs. Newell testified in deposition that she entered the bread aisle, stopped her cart at the end of the aisle and then proceeded to walk halfway down the aisle. After picking up a loaf of bread, she fell on her way back to the cart. Plaintiffs contend that this is evidence that Mrs. Newell was in the aisle for several minutes. Because Mrs. Newell did not see anyone else place the grape on the bread aisle floor, a jury could determine that the grape must have been present longer than Mrs. Newell was in the aisle. According to plaintiffs, this con-

stitutes prima facie evidence that defendant should have known about the grape on the floor.

We disagree. As a matter of law, this, by itself, does not constitute basis upon which the defendant should have known of the grape on the floor. We do not see how the few minutes that Mrs. Newell spent in the bread aisle before the fall was even arguably sufficient time to place the defendant on notice that a grape was on the floor. In addition to that, the argument invites speculation. It assumes that the offending grape was transported to this aisle by a person. One equally plausible theory is that the grape rolled there from another aisle, perhaps even while Mrs. Newell was pacing the aisle for the bread. In short, the argument of the plaintiffs, that Mrs. Newell's short stop in the bread aisle somehow constitutes evidence that the defendant should have known about a foreign object as small as a grape, is rejected.

Plaintiffs next point to a statement by Jan Masonheimer, the assistant store manager. Shortly after the accident, Mr. Masonheimer had a discussion with Nancy McCluskey, Mrs. Newell's daughter. According to Mrs. McCluskey, Mr. Masonheimer told her about "how badly he felt that this had happened and told me (Mrs. McCluskey) that there was absolutely no reason at all for this to occur to anyone since they had an abundance of employees that were supposed to take care of this."

This is insufficient to establish that the defendant should have known about a dangerous condition created by the grape on the bread aisle floor. This statement, if made, is no more than the opinion of Mr. Masonheimer. He does not profess any knowledge as to how the grape got on the floor or the period of time that it was there. He offers no evidence to establish that the defendant

should have known about the existence of a dangerous condition on the bread aisle floor.

Finally, the plaintiffs attempt to invoke what they refer to as a "presumption or inference" that testimony of a certain individual, if called at trial, would be harmful to the defendant. Thus, plaintiffs claim that they are entitled to the use of the "missing witness" rule and that, by this method, they establish the required notice of a dangerous condition.

The defendant was in possession of a floor inspection worksheet which was produced during discovery. It indicates that this supermarket's floor was inspected at 5:10 p.m. by an employee who initialed the sheet. Plaintiffs state in their brief that defendant is unable to identify the employee who initialed the sheet and who may have performed the inspection. In discovery, plaintiffs' counsel questioned every identified Giant manager about the identity of the individual who initialed the sheet. No manager was able to name the individual. Thus, neither party will be able to present at trial the person who initialed the worksheet.

Plaintiffs contend that this failure of the defendant to produce the individual who initialed the sheet and who apparently conducted the inspection of the floor entitles the plaintiffs to an inference or presumption jury instruction that the unnamed witness' testimony, if presented, would be unfavorable to the defendant. The argument is that this unfavorable presumption or inference supplies the necessary notice to the defendant of a dangerous condition which it failed to correct. The argument is flawed.

What plaintiffs seek is the benefit of an inference. The words "presumption" and "inference" have been loosely interchanged in the situation where a party fails to pro-

duce or call a witness. There is a difference between a presumption and an inference.

"A presumption is a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence. An inference, on the other hand, is simply a clear, logical, reasonable and natural conclusion which the trier of fact may embrace or reject based on the evidence in the case." *Bixler v. Hoverter,* 89 Pa. Commw. 88, 91, 491 A.2d 958, 959 (1985). (citation omitted)

According to the "missing witness" rule, if a party fails to call a witness or present other evidence exclusively within his or her control, the fact-finder may be permitted to draw an adverse inference. This "missing witness" adverse inference applies in both civil and criminal cases. *Kovach v. Solomon,* 732 A.2d 1 (Pa. Super. 1999).

As to inferences generally, it was stated in *Equal Employment Opportunity Commission v. Greyhound Lines Inc.,* 635 F.2d 188 (3d Cir. 1980) that a legitimate or permissible inference must be deduced as a *logical consequence of facts presented in evidence. Id.* at 194. (emphasis added)

The problem that the court has with the fashion in which the plaintiffs attempt to use this inference is that the plaintiffs would use it to supply facts which are missing from the record. There is no evidence as to how long the grape was on the floor. There is no evidence of reasonable notice to the defendant of the existence of the grape on the floor as a result of which it should have taken corrective action. It is improper to attempt to use an inference to supply missing facts.

Also, among the other requirements for the application of the "missing witness" inference is that the record

must reveal that the uncalled witness was informed and competent. *Bayout v. Bayout,* 373 Pa. 549, 556, 96 A.2d 876, 879 (1953); *Davidson v. Davidson,* 191 Pa. Super. 305, 156 A.2d 549 (1959). To the same effect is *Commonwealth v. Reina,* 186 Pa. Super. 116, 140 A.2d 633 (1958).

Even though the parties do not know the identity of the person who initialed the form, the existence of the form with the 5:10 p.m. entry would probably justify the jury's concluding that an inspection occurred. Nevertheless, there is nothing in the evidence to establish what this individual saw in the course of such an inspection. Thus, the requirement that the missing witness be informed and competent is clearly lacking.

The "missing witness" rule cannot be used to supply facts where they are absent from the record. Invocation of the rule is inappropriate where there is no showing that the missing witness is informed and competent. Thus, the plaintiffs' attempt to use this inference is to no avail.

Even the combination of the three avenues pursued by the plaintiffs to defeat the motion for summary judgment is insufficient to establish the notice to the defendant which must be shown. Accordingly, we are compelled to grant the motion for summary judgment and dismiss this case.

## ORDER

Now, May 31, 2000, after consideration of the motion for summary judgment filed by defendant, the briefs of the attorneys and argument, and for the reasons set forth in the accompanying opinion, it is hereby ordered that the motion for summary judgment is granted. This case is dismissed with prejudice.