## Clark v. Glosser Brothers Department Stores, Inc., Appellant.

Argued October 2, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Frank P. Barnhart,* for appellant.

*Edward J. Harkins,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1944:

This appeal is by a defendant after a verdict was
recovered for personal injuries in an action of trespass.

The plaintiff, a woman 67 years of age, on the after-
noon of August 1, 1941, entered a large department
store operated by the defendant in the city of Johns-
town. She went to the second floor where there was
a special sale of towels, sheets, etc. This merchandise
was displayed on a series of tables, each approximately
2 feet wide and 5 feet in length, placed in such a way
that they formed aisles, permitting clerks and customers
to circulate around them. The goods were held together
in packages by tapes. When they were broken the
tapes, some of which were tied at the ends, forming
loops, were either thrown, or fell, to the floor. The
plaintiff, while inspecting some of the articles on one
of the tables, stepped upon some of these tapes, tripped
and fell to the floor sustaining injuries. She could give
no further information than that she "stumbled" and
something "got tangled in my foot." Mrs. Plunk, who
was nearby at that time, testified that plaintiff "tripped

on a tied string or tape" like those that bound the towels, sheets, etc., causing her to fall and strike her head against the leg of a table. Mrs. Long testified that she saw a bunch of these flat tapes lying in the aisle adjacent to the table where the accident had taken place about an hour thereafter.

There was testimony on the part of the defendant that it was possible for the tapes that bound the white goods together to fall or be thrown to the floor. The maintenance man, whose duties included keeping the floor in safe condition, said if he saw anything lying in the aisles he would "generally kick it right under the table." The defendant denied, however, that there were any tapes or strings on the floor.

It is a well recognized rule that it is incumbent upon the owner of a store, to which persons come by invitation either express or implied, to keep the premises in a reasonably safe condition for the contemplated use thereof: *Dalgleish v. Oppenheim, Collins & Co.,* 302 Pa. 88, 152 A. 759; *Vetter v. Great A. & P. Tea Co.,* 322 Pa. 449, 454, 185 A. 613; *Rogers v. Max Azen, Inc.,* 340 Pa. 328, 330, 16 A. 2d 529. We said recently in *Christman et al., v. Segal,* 143 Pa. Superior Ct. 87, 17 A. 2d 676, that this principle is "especially applicable to department stores where goods are attractively exposed on all sides for the very purpose of diverting attention to them." In Restatement, Torts, §343, comment e, it is stated: "...... one entering a store ...... is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors."

The defendant denies liability asserting that there was no proof of constructive notice of the alleged dangerous condition of the floor. That was unnecessary. Plaintiff's proof, which must be accepted on this appeal, shows that the injuries sustained by her were due

to the direct negligence of the defendant's employes in throwing the tapes in the aisles or not taking reasonable precaution to prevent their falling to the floor, so that the question of constructive notice was not of vital importance. The defendant's employes had actual notice of their own alleged negligent acts, which were within the apparent scope of their authority and in the furtherance of the master's business. The defendant is accordingly chargeable with their dereliction. *Kelly et ux. v. Yount,* 135 Pa. Superior Ct. 528, 533, 7 A. 2d 582.

While there was some emphasis placed by the learned trial judge on the question of constructive notice, there was testimony of direct negligence and reference thereto was made in the charge. That phase of the case was considered in the opinion where it is stated: "It is a fair inference, and the only inference which can logically be deduced from all the facts, namely, that the tape which caused Mrs. Clarks fall was deposited on the floor by one of the several clerks who were handling the goods which the tape bound, or at least fell from the tables in charge of those clerks." Probably there was sufficient evidence to sustain the theory of constructive notice, but we prefer to rest our decision on the ground that there was sufficient proof of direct negligence to sustain this verdict.

Judgment is affirmed.