606 A.2d 926

**Doris S. MYERS, Appellant,**

v.

**The PENN TRAFFIC COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1991.

Filed April 13, 1992.

Thomas A. Beckley, Harrisburg, for appellant.

Robert A. Mix, Bellefonte, for appellee.

Before ROWLEY, P.J., and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

ROWLEY, President Judge:

On July 9, 1986, while shopping in Riverside Market, a supermarket operated by appellee The Penn Traffic Company (Penn), appellant Doris S. Myers slipped in the aisle leading from the produce department to the bakery department. She subsequently filed a complaint against Penn,[1] alleging that it negligently maintained the aisle in an unsafe and slippery condition, failing to warn customers of this condition. Ms. Myers claimed damages in an amount exceeding $180,000.00. On February 8, 1990, Penn filed a motion for summary judgment, which the trial court granted. Ms. Myers then filed this timely appeal.

In this appeal, appellant contends that the trial court erred by failing to read the record in the light most favorably to her, thereby disregarding genuine issues of material fact. After thoroughly considering the parties' arguments

---

1. Riverside Markets, Inc. and Crown American Corporation were also named as defendants in this complaint. Riverside Markets, Inc. was dismissed as a defendant by agreement of the parties. Summary judgment was entered in favor of Crown American Corporation, and no appeal has been taken from that summary judgment. Accordingly, Riverside Markets, Inc. and Crown American Corporation are no longer parties to this suit.

and the applicable case law, we affirm the summary judgment entered in favor of appellee.

In reviewing the trial court's decision regarding summary judgment, our standard of review is as follows:

> [T]his court must determine whether the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. However, summary judgment may only be entered in those cases which are clear and free from doubt. We must determine whether there exists any genuine issue of triable fact.... [T]he record must be examined in the light most favorable to the nonmoving party[, and] ... we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom.

*Overly v. Kass,* 382 Pa.Super. 108, 110–11, 554 A.2d 970, 971–72 (1989) (citations and internal quotation marks omitted). Although the moving party has the burden of showing that no genuine issue of material fact exists, *id.,* 382 Pa.Superior Ct. at 111, 554 A.2d at 972, "once the motion for summary judgment has been properly supported, the burden is upon the non-movant to disclose evidence that is the basis for his or her argument resisting summary judgment." *Samarin v. GAF Corp.,* 391 Pa.Super. 340, 347, 571 A.2d 398, 402 (1989), *allocatur denied,* 524 Pa. 624, 574 A.2d 66 (1990). This "assure[s] that the motion for summary judgment may 'pierce the pleading' and ... require[s] the opposing party to disclose the facts of his claim or defense." *Roland v. Kravco, Inc.,* 355 Pa.Super. 493, 501, 513 A.2d 1029, 1034 (1986), *allocatur denied,* 517 Pa. 599, 535 A.2d 1058 (1987) (quoting Goodrich Amram, Procedural Rules Service 2d § 1035(d):5) (emphasis omitted). Finally, the trial court's decision to grant summary judgment will be affirmed absent an error of law. *Overly, supra,* 382 Pa.Super. at 111, 554 A.2d at 972.

■ It is unquestionable that a store owner owes a duty of care to the patrons of the store. However, the owner of

the store is not an insurer of the safety of its customers. *Moultrey v. Great Atlantic & Pacific Tea Company,* 281 Pa.Super. 525, 529–30, 422 A.2d 593, 596 (1980). Moreover,

the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence.

*Id.,* 281 Pa.Superior Ct. at 530, 422 A.2d at 596.

The parties agree that the duty which the owner of a store owes to its customers is set forth in Restatement (Second) of Torts § 343.[2] Section 343 provides as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Appellant contends that the evidence present in the record, viewed in the light most favorably to her, supports her allegation that appellee was negligent under the above standard. Because we conclude that the trial court did not commit an error of law in determining that no triable factual issue exists, we affirm the summary judgment entered in favor of appellee.

In support of her claim against appellee, appellant asserted that either a grape on the floor or an accumulation of

---

**2.** In his dissent, Judge Wieand concludes that appellant has established a prima facie case under section 344 of the Restatement, entitled "Business Premises Open to Public: Acts of Third Persons or Animals." However, appellant did not invoke this section as a basis for recovery, and neither party has discussed its applicability to the present case. In fact, appellant specifically limits her theory of recovery to section 343. *See* Appellant's Brief at 10, 13, 20.

wax caused her to fall. We will address these two theories separately. In support of her allegation that she slipped on a grape, appellant relies on a note allegedly written by her immediately after the accident. This note says she "fell on produce on slippery floor." [3] Appellant also emphasizes the deposition testimony of one of the store's employees, Timothy Snyder. Mr. Snyder stated that he had heard from another employee that somebody had slipped on grapes. Mr. Snyder could not remember who told him this, but he stated that it was someone who was at the scene of the accident. Mr. Snyder also stated that although he could not say that the other employee was referring to appellant, he knew of no other accidents where someone had slipped on grapes.

Appellee asserts that because the note and Mr. Snyder's statement are hearsay, and therefore inadmissible, they should not be considered as raising a triable factual issue. Appellant, on the other hand, argues that the note and Mr. Snyder's statement are admissible under, respectively, the past recollection recorded and the admission by a party exceptions to the hearsay rule. Because resolution of this issue will not affect our disposition of the case, we will assume for purposes of our discussion that the evidence would be admissible at trial.

Even assuming that the above evidence would be admissible, appellant would still not prevail because she has presented no evidence that appellee had notice of the condition or failed to exercise reasonable care.[4] *See* section 343, *supra.* Although appellant contends that the trial court erred by failing to view the record in the light most favor-

3. Appellant produced this note after repeated prior statements that she did not see what was on the floor. However, credibility of witnesses is not a proper consideration at this juncture as the determination of credibility is a jury function. *See Melmed v. Motts,* 341 Pa.Super. 427, 431, 491 A.2d 892, 893 (1985).

4. Appellee does not contend that appellant has not satisfied the second element of section 343, namely, whether it should have expected that its customers would not discover or realize the danger or fail to protect themselves against it.

able to her, the inferences which she draws from the record in support of her allegation of negligence are not reasonable.

Under section 343, a store must have notice of the harmful condition. In determining whether this element is met, the following principles apply:

[I]f the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Moultrey, supra,* 281 Pa.Super. at 530–31, 422 A.2d at 596.

Appellant argues that because the condition, that is, produce on the floor, frequently recurred, appellee had actual notice. In support of this argument, she emphasizes the deposition testimony of employees which she contends shows that "produce on the floor in that particular area of the supermarket was a constant, day-long problem which required 'full-time' attention." Appellant's Brief at 13. Specifically, appellant emphasizes the deposition of Mr. Hunter, who stated that the employees working in the produce section must clean the entire time that they are on duty because filling the produce cases makes a mess. However, there is nothing in the record to indicate that the produce cases had been filled near the time that appellant

fell. The fact that putting produce in the cases makes a mess is not relevant if there is nothing to show that the produce cases were in fact filled prior to appellant's accident.

Citing to the deposition of Robert Parkes, another employee of appellee, appellant also contends that "appellee knew that the problem was so common that [it] had assigned two employees to watch over that particular section, so that if one of them went on break, the other could cover for him." *Id.* at 13–14. We disagree with appellant that the inference which she draws from Mr. Parkes' statements is reasonable. To the contrary, when asked if another employee was supposed to cover for him when he took a break, Mr. Parkes answered "Not all the time. . . . [M]ost of the time we do try to keep someone out on the floor, you know, for customer service; but, whenever we are only taking a 10–minute break, sometimes we both just go. . . ." Reproduced Record (R.R.) at 226a. Mr. Parkes did not, as appellant asserts, state that one employee is always present in the produce aisle. Furthermore, he stated that most of the time someone is available for customer service; he did not state that someone is always available to clear produce from the floor. Although the non-moving party must be given the benefit of all reasonable inferences, that party need not be given the benefit of inferences not supported by the record or of mere speculation.

Appellant also argues that constructive notice can be inferred from the employees' antecedent actions in replenishing the produce cases. In support of this argument, she cites the case of *Clark v. Glosser Brothers Department Stores*, 156 Pa.Super. 193, 39 A.2d 733 (1944). In *Clark*, the plaintiff fell on tapes which were used in packaging merchandise. The tapes either fell or were thrown to the floor when the defendant store's employees unpacked the merchandise. The defendant claimed that the plaintiff presented no proof of constructive notice of the condition caused by the tapes. In affirming the judgment entered in

favor of the plaintiff, this Court held that proof of constructive notice was unnecessary because the plaintiff's proof

> show[ed] that the injuries sustained by her were due to the direct negligence of the defendant's employes in throwing the tapes in the aisles or not taking reasonable precaution to prevent their falling to the floor.... The defendant's employes had actual notice of their own alleged negligent acts, which were within the apparent scope of their authority and in the furtherance of the master's business. The defendant is accordingly chargeable with their dereliction.

*Id.*, 156 Pa.Superior Ct. at 195–96, 39 A.2d at 734.

■ Appellant contends that the holding in *Clark* should be controlling in the present case on the basis of Mr. Hunter's testimony that replenishing the produce cases makes a mess. Appellant contends that this testimony reveals that, as in *Clark*, the antecedent actions of the store's employees caused the dangerous condition. In the present case, however, nothing in the record supports an inference that the grape was on the floor because the store's employees dropped it there when putting produce in the cases. It is just as likely that another customer of the store dropped the grape on the floor. Without evidence that one or the other of these two equally likely occurrences caused the grape to be on the floor, there is no issue to be tried. Any decision would be based on mere speculation. *See Martino v. Great Atlantic & Pacific Tea Company*, 419 Pa. 229, 213 A.2d 608 (1965).

■ Furthermore, appellant has presented no evidence that appellee failed to exercise reasonable care. The only fact which she alleges to support her argument is that "although two persons typically were assigned to this area of the supermarket, no one was watching over it for a period of approximately twenty minutes—during a mid-day break taken by one of Penn Traffic's employees—on the day of the accident." Appellant's Brief at 18–19. The fact that the employee was on a break when appellant fell does

not in and of itself create an inference of negligence on the part of appellee.

A case substantially similar to the present case was considered by our Supreme Court in *Martino v. Great Atlantic & Pacific Tea Company*, 419 Pa. 229, 213 A.2d 608 (1965). In *Martino*, the plaintiff had slipped on a grape on the floor of the defendant's store. As in the present case, the plaintiff presented testimony that produce frequently fell to the floor. Grapes were an especially pervasive problem, because the scale used to weigh the grapes was located across the aisle from the grape counter. Accordingly, grapes fell to the floor as customers carried them to the scale. The testimony also revealed that, as in the present case, an employee was required to keep the produce area, including the floor, clear of debris. In affirming the non-suit entered in favor of the defendant, the Supreme Court held the following:

> So far as this record discloses, the offending grape might have found its way to the floor as a result of the actions by husband appellant or wife appellant. There is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusion based upon guess or conjecture.
>
> Nor can we accept appellant's argument to the effect that the display of non-packaged grapes on a counter some seven feet from the bags and across an aisle from the scale constitutes negligence in and of itself, since every reasonable effort was made to keep the passageway clean.

*Id.*, 419 Pa. at 234, 213 A.2d at 610.

Similarly, in the present case, appellant has presented no evidence as to the cause of the presence of the grape on the floor. In addition, negligence is not established by the fact that produce frequently fell to the floor when employees filled the produce cases. Furthermore, a lack of reasonable care is not established merely because the employee working in the produce department was on a

break when appellant fell. These facts do not lead to a reasonable inference that appellee or its agents were negligent and that negligence caused the grape to be on the floor. A jury would not properly be able to reach a conclusion of negligence on these facts as such a conclusion would be based on guess or conjecture.

If other evidence existed upon which appellant could sustain this theory, that evidence should have been disclosed in opposition to appellee's motion for summary judgment. *See Roland, supra,* 355 Pa.Super. at 500–02, 513 A.2d at 1033–34 (holding that if undisclosed evidence might have affected the disposition of the summary judgment motion, the plaintiffs chose not to disclose the basis of their claim, and they did so at their own risk); *Brecher v. Cutler,* 396 Pa.Super. 211, 578 A.2d 481 (1990) (holding that summary judgment was not improper merely because there was a possibility that literature not yet produced would support the claim); *but see Liles v. Balmer,* 389 Pa.Super. 451, 567 A.2d 691 (1989) (holding that summary judgment was improperly granted where record did not disclose that the plaintiff would be unable to produce supporting evidence at trial). For the above reasons, we conclude that the trial court did not err in finding no triable issues of fact as to appellant's grape theory.

We will now address appellant's second theory of recovery, namely, that appellee had negligently allowed wax to accumulate on the spot where she slipped. To support her theory, appellant relies on her own assertion that the floor was slippery and the deposition testimony of one of appellee's employees, Robert Kelley. Mr. Kelley stated that upon checking the entire aisle in the area in which he thought appellant fell, he saw a scuff mark in the wax. He also stated that although he could not see whether there was a groove in the wax, he could feel a little groove when he bent down and touched the floor. Appellant contends that this testimony is sufficient to preclude summary judgment. We disagree.

■ "The real question [in negligent accumulation or application of wax cases] is not whether there was an improper application but whether such alleged improper application created a condition so obviously dangerous as to amount to evidence from which an inference of negligence would arise." *Bowser v. J.C. Penney Company*, 354 Pa. 1, 5, 46 A.2d 324, 326 (1946) (citations omitted). Recovery has been permitted where the skid mark caused by the plaintiff's heel had raised sides as if someone had slid through mud and appeared in a yellow waxy substance, *Penn v. Isaly Dairy Company*, 413 Pa. 548, 198 A.2d 322 (1964); where the floor on which the plaintiff fell had been waxed two and one-half hours prior to the accident and was still oily and gummy, and the plaintiff's heel left an indentation twelve to fourteen inches in length and one-fourth inch in depth, *Strout v. American Stores Company*, 385 Pa. 230, 122 A.2d 797 (1956); and where the plaintiff fell on a floor which had just been waxed, there was a greasy and waxy substance on the floor similar in consistency to "thick Vaseline," the wax on the floor where the plaintiff fell was from one to one and three-fourths inches thick, and two other customers slid on the floor near the same time that the plaintiff fell. *Ralston v. Merritt*, 117 Pa.Super. 487, 178 A. 159 (1935).

■ In the present case, one cannot reasonably infer that appellee negligently applied wax, or negligently allowed wax to accumulate, merely on the basis that a small groove in the wax was located in the general vicinity of appellant's fall. As stated above, negligence of a store owner cannot be inferred merely because a customer has an accident.

We recognize that proving negligence in a supermarket slip and fall case "is often a heavy burden on a plaintiff even in a meritorious case[, a]nd ... under some circumstances the difficulties of proof of negligence may be insurmountable...." *DeClerico v. Gimbel Brothers, Inc.*, 160 Pa.Super. 197, 199, 50 A.2d 716, 717 (1947). This is especially true where, as here, the medical problems allegedly caused by the fall do not arise immediately after the fall.

In such a case, the person would have no reason to anticipate the need for evidence to support his or her future claim. Nonetheless, in a supermarket slip and fall case it is still incumbent upon the plaintiff to allege sufficient facts and present sufficient evidence to sustain a cause of action against the store owner. In the present case, that burden has not been met.

For the above reasons, we conclude that no genuine issues of material and triable fact exist. Therefore, we affirm the summary judgment in favor of appellee.

Summary judgment affirmed.

WIEAND, J., files a dissenting opinion.

OLSZEWSKI, J., files a dissenting opinion which, was joined by KELLY and FORD ELLIOTT, JJ.

WIEAND, Judge, dissenting:

I respectfully dissent. In my judgment, there is evidence in this case which is sufficient to establish a prima facie case of negligence against Penn Traffic Company under the principle of law articulated in Section 344 of the Restatement (Second) of Torts.

This section of the Restatement imposes liability upon a possessor of land for the negligent acts of third persons under circumstances identified in the rule as follows:

§ 344. Business Premises Open to Public: Acts of Third Persons or Animals

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

The principle may, in limited circumstances, impose upon a storekeeper a duty to police his or her premises. This duty is explained in comment f as follows:

*f. Duty to police premises.* Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

The Restatement's duty to police was adopted and applied to a grocery store owner in *Miller v. Peter J. Schmitt & Co., Inc.,* 405 Pa.Super. 502, 592 A.2d 1324 (1991). There, a majority of the Court imposed upon a storekeeper the duty to supervise an independent contractor who delivered ice to the store in order to protect customers against the possibility that the contractor would leave water on the floor causing it to become slippery. The majority thus found liability even though the customer had fallen within moments after the contractor had placed ice in an ice machine and before the contractor had completed his delivery. It did so because the ice had been delivered on a hot day and had been unloaded in an area that was not air conditioned and because the store owner had failed to police the delivery of ice or otherwise take adequate precautions to protect customers. Liability was imposed even though all the evidence was that the contractor, who had been making deliveries of

ice for several years, had never before caused a slippery condition by allowing water on the floor.

The evidence in the instant case presents a stronger case of negligence by the store owner than in *Miller*. Here, there was evidence that the store had been aware that dirt, debris, and produce regularly fell to the floor in the produce area of the market so as to require that personnel frequently attend to the area in order to keep the floor clean. Although the plaintiff was uncertain about what had caused her to fall, she initially believed it to be produce, and a store employee identified the produce as grapes. Her fall occurred while the produce department was unattended.

The majority has declined to consider the applicability of Section 344 of the Restatement (Second) of Torts because its applicability was not discussed by appellant. Although appellant has not referred specifically to Section 344 of the Restatement or the decision in *Miller v. Peter J. Schmitt & Co., Inc., supra*, her argument is clearly premised upon the storekeeper's duty to police his premises.[1] Indeed, it is this duty to police the premises which has caused our colleague, Judge Olszewski, to write also in dissent. He, however, would rely upon language appearing in a Superior Court decision in *Moultrey v. Great Atlantic and Pacific Tea Company*, 281 Pa.Super. 525, 422 A.2d 593 (1980). I am satisfied, therefore, that it is the duty of a storekeeper to police his premises which is at the heart of the dispute in this case and that Section 344 of the Restatement (Second) of Torts speaks to that issue.

1. The issues are framed in appellant's statement of questions as follows:
1. Did the lower Court err by restrictively reading the factual record to ignore facts showing that (a) the defendant's own employees had a hand in creating the dangerous condition of the floor; [and] (b) the floor in the particular area of the supermarket where the plaintiff fell was constantly littered with debris and required "full-time" attention to keep it clean....
2. Did the lower Court err by failing to recognize that "notice" of a dangerous condition may be inferred (or satisfied), from a factual showing that the defendant knew that the particular condition was constant, recurring, and needed "full-time" attention?

Moreover and in any event, it is the duty of this reviewing court to examine the entire record and determine whether the facts there appearing will support a recovery under any theory, whether or not that theory has been argued by the plaintiff-appellant. In making this determination, a court examines the record in a manner similar to the manner in which a court reviews the pleadings when faced with a motion for judgment on the pleadings or preliminary objections in the nature of a demurrer to the complaint. With respect to the latter, the Superior Court has said,

> ... a plaintiff is not obliged to state the legal theory or theories underlying his complaint. Pa.R.C.P. 1019(a) requires only allegations of the "material facts on which a cause of action ... is based." Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading and need not be denied in preliminary objections. Goodrich–Amram 2d, Standard Pennsylvania Practice § 1019(a):12 (collecting cases). This system of fact pleading may sometimes cause both the court and the defendant uncertainty as to the legal grounds of the complaint. Here, for example, the trial court discerned only one possible cause of action, that of fraud and deceit. The complaint, however, stated at least one other cause of action. *The obligation to discover the cause or causes of actions is on the court: the plaintiff need not identify them. See Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977).

*McClellan v. Health Maintenance Organization of Pennsylvania*, 413 Pa.Super. 128, ——, 604 A.2d 1053, 1059–60 (1992), quoting *DelConte v. Stefonick*, 268 Pa.Super. 572, 577, 408 A.2d 1151, 1153 (1979) (emphasis added). In the case of a motion for summary judgment, it is the court which must determine whether, on the facts appearing of record, there is any legal theory under which the plaintiff can recover.

In considering a motion for summary judgment, a court "must examine the whole record, including the pleadings,

any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. From this thorough examination the ... court will determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion ha[s] the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment." *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989). In the instant case, this burden was on the defendant-appellee. A summary judgment would have been proper only if it appeared from the record that the material facts were not disputed and that the plaintiff-appellant was not entitled to recover under any theory of law applicable to the facts appearing of record. Because in this case there is a dispute about whether the storekeeper breached a duty to police the produce department of his store, the entry of summary judgment, in my judgment, was inappropriate. Therefore, I would reverse and remand for further proceedings.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent from the majority's affirmance of the trial court's order granting summary judgment in favor of defendant-appellee, Penn Traffic Company ("the store"). I agree with the majority's statement of the standard of review in summary judgment cases. I do not believe the majority properly applies this standard because it fails to give Myers the benefit of the doubt, as we are required to do at this stage of the proceedings.

The majority first dismisses the produce on the floor theory because it believes that appellant presented no evidence that the store had notice of the condition or failed to exercise reasonable care, as required by the Restatement (Second) of Torts § 343. The majority characterizes the inferences which may be drawn from the record in favor of appellant as unreasonable. I disagree.

As to the store's notice of the condition of the floor, I too point to *Moultrey v. Great Atlantic & Pacific Tea Company*, 281 Pa.Super. 525, 422 A.2d 593 (1980), and interpret it to mean precisely what it says. "[W]here the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition...." *Id.* at 530–531, 422 A.2d at 596 (*citing, Borsa v. Great Atlantic & Pacific Tea Co.*, 207 Pa.Super 63 at 68, 215 A.2d 289 at 292 (1965); *Clark v. Glosser Bros. Dept. Stores*, 156 Pa.Super. 193, 39 A.2d 733 (1944)). All that was required for a showing of actual notice, therefore, was evidence that the store knew that produce frequently fell to the floor and posed safety hazards to customers. The store's employees admitted in deposition testimony that produce on the floor in the area where appellant allegedly fell was a constant problem. Thus, there was sufficient evidence to send the case to a jury so that they could determine whether the store had actual notice of the condition.

The majority finds no evidence of lack of reasonable care. Again, I disagree. The key evidence Myers presented on this point was the testimony of Robert Parkes, wherein he admitted being on break for a period preceding the fall and that, despite store policy to have two employees in that section, to his knowledge he worked alone that day. A jury could infer lack of care from these facts.

I would characterize the evidence as follows: a genuine factual dispute whether produce was on the floor, an admission that produce on the floor was a recurring problem, and evidence from which it could be inferred that the store did not follow its own policy as to cleaning the area. All doubts must be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 202–204, 412 A.2d 466, 468–469 (1979). Thus, reading the record to favor Myers, there are material, disputed issues of fact as to the existence of a dangerous condition, actual notice and lack of reasonable care.

As to the improperly waxed surface theory, the majority affirms the summary judgment order because Myers has not shown that the uneven surface caused her fall. Once again, I disagree. The majority does not believe that floor wax could have contributed to Myers' fall because one of the store's employees testified that he could not see an indentation in the floor but could feel one when he touched the floor. The majority characterizes the case law on this issue as requiring evidence of extremely serious defects in the surface. Recovery on this theory, however, has been allowed when the evidence indicated a scuff mark $\frac{1}{8}$ to $\frac{1}{4}$ inch deep. *Strout v. American Stores Co.*, 385 Pa. 230, 232, 122 A.2d 797, 798 (1956). Further, the majority doubts whether the evidence of the unevenness is causally attributable to Myers' fall. Contrary to the majority's interpretation of prior case law, an imperfect surface in the area of the fall is sufficient to send the case to the jury. The *Strout* Court allowed recovery where the evidence revealed a scuff mark in the area of the floor which marked the scene of the plaintiff's fall. I fail to see the distinction between the specificity of that evidence and the evidence presented by Myers that there was a scuff mark in the area where she fell. At this point in the proceedings, Myers is entitled to the benefit of this inference.

One of the roles of the jury would be to determine whether floor wax contributed to Myers' fall. At the summary judgment stage of the proceedings, the scuff does not resolve this issue. Rather, it merely indicates that there is an issue which allows the case to proceed to trial. To allow this case to pass summary judgment because the wax had not accumulated to the point of being sticky or gummy is to intrude upon the fact finding province of the jury.

In summary, I believe the majority improperly engages in an assessment of the weight of the evidence presented by Myers rather than inquiring whether any material factual disputes exist. The majority does not read the record to favor Myers, nor does it give her the benefit of any doubt; this is contrary to the law of summary judgment. While I

do not opine as to whether Myers' evidence would be convincing enough to prevail at trial,[1] I believe there have been enough doubts raised so that Myers should be allowed to have her day in court. Accordingly, I dissent.

1. The majority relies greatly upon *Martino v. Great Atlantic & Pacific Tea Co.,* 419 Pa. 229, 213 A.2d 608 (1965), in which the Supreme Court concluded that the injured party had not presented a clear case, as is required to survive a motion for a compulsory non-suit. This case differs greatly from *Martino.* In *Martino* the burden was upon the plaintiff, the non-moving party, to present clear and convincing evidence of negligence. In this case, the burden was upon the store, the moving party, to show that no genuine issue of material fact existed. The majority not only shifts the burden to Myers, it places the compulsory non-suit standard upon her prior to her being permitted to present her factual issues to a jury.