Zangenberg v. Weis Markets, Inc.

C.P. of Monroe County, No. 10500 CIVIL 2012

*James J. Conaboy*, for plaintiff.
*Maureen E. Kelly*, for defendant.

HIGGINS, *J.*, April 1, 2015—This matter is before the Court in Defendant, Weis Markets, Inc.'s ("Weis") Motion for Summary Judgment ("SJ") filed on November 24, 2014. Weis asserts that there are no genuine issues of material facts and that summary judgment is appropriate.

The Plaintiff, Grace Zangenberg, ("Plaintiff") filed a complaint on December 21, 2012, against Weis alleging that she sustained injuries as a result of a fall inside Weis' building located on Route 611, Tannersville, Pennsylvania. Plaintiff seeks damages as a result of a slip and fall at Weis market. Plaintiff claims she fell as a result of the floor being slippery. On November 8, 2013, Plaintiff filed a Writ of Summons against Defendants Contrast LLC and Enterprise Solutions (collectively "Defendants") at docket number 9442 CV 2013. Plaintiff then filed a complaint against Defendants on March 28, 2014, alleging that her fall was the result of their negligence. Plaintiff alleges that Defendants subcontracted with Weis to wax the floors and permitted a slippery condition and/or wax buildup to accumulate which created a dangerous condition. On August 29, 2014, by stipulation of the parties, the two actions were

consolidated to docket number 10500 CV 2012. After discovery was conducted between the parties, Weis filed for SJ on November 24, 2014. The parties have filed briefs and presented argument before the Court on January 5, 2015. We are now prepared to dispose of Weis' SJ.

Pa. R.C.P. 1035.2 provides that

[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Summary judgment is granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. *Coleman v. Coleman*, 663 A.2d 741, 744 (Pa. Super. 1995) (citation omitted). "Although the moving party has the burden of showing that no genuine issue of material facts exists...'once the motion for summary judgment has been properly supported, the burden is upon the non-movant to disclose evidence that is the basis for his or her argument

resisting summary judgment.'" *Myers v. Penn Traffic Co.*, 606 A.2d 926, 928 (Pa. Super. 1992) (citation omitted). Additionally, the mere fact that an accident occurred does not confirm that negligence was involved. *Id.* Plaintiff has the burden to demonstrate the following four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.

For recovery in a slip and fall in a store, the invitee must prove that the store owner deviated in some way from his duty of reasonable care under the circumstances. *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. 1994) (citation omitted). Restatement (Second) of Torts §343 (1965), provides that:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

A business owner has an obligation to police its premises to discover dangers to its customers. Restatement (Second) of Torts §344 (1965).

Here, Weis claims that Plaintiff failed to produce any evidence that it had actual notice of a condition which involved an unreasonable risk of harm to her. Since Plaintiff

has not offered evidence that Weis had actual notice of a slippery condition or an accumulation of wax buildup; we will instead look at whether Weis had constructive notice of the "dangerous" condition.

"What constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." *Neve v. Insalaco's*, 771 A.2d 786,791 (Pa. Super. 2001) (citation omitted). "In sum, to charge a defendant store with constructive notice of a harmful condition a plaintiff need not produce positive testimony as to how long the defect existed if: (1) the defect is of a type with an inherently sustained duration, as opposed to a transitory spill which could have occurred an instant before the accident; and (2) a witness saw the defect immediately before or after the accident." *Id.* 771 A.2d 791 (citations omitted).

Plaintiff argues that she met her burden of proof by producing evidence that Weis had constructive notice of the harmful conditions. She claims that Weis' floor was extremely slippery due to the waxing application or wax accumulation. The question in cases involving negligent accumulation or application of wax is "not whether there was an improper application but whether such alleged improper application created a condition so obviously dangerous as to amount to evidence from which an inference of negligence would arise." *Myers*, 906 A.2d at 831 (citation omitted). "Recovery has been permitted where the skid mark caused by the plaintiff's heel had raised sides as if someone had slid through mud and appeared in a yellow waxy substance." *Id.* 906 A.2d at 831 (citation omitted).

Here, Plaintiff has not produced any evidence that an improper application of wax created a dangerous condition so obvious as to amount to evidence which an inference of negligence would arise. Plaintiff has only produced the testimony of her daughter who stated that there was a black skid mark on the floor. This is not evidence of improper application of wax which created a dangerous condition. Moreover, Plaintiff's daughter was not present at the time she fell.

In viewing all evidence in a light most favorable to the non-moving party, we note the following evidence which Plaintiff submitted in support of her basis for resisting summary judgment: Plaintiff testified at deposition on May 23, 2013, that she fell after she entered the store and walked past the courtesy counter near a podium. [Notes of Testimony, May 23, 2013, p. 24-25 (hereinafter "N.T.")] Plaintiff's daughter, Arlene Langdon, dropped her off near the front entrance of Weis where Plaintiff entered the store unassisted. [N.T., p. 23-24] Plaintiff stated that she "just slipped. Just like you would just slide across the floor." [N.T., p. 27] She does not remember looking at the ground prior to her fall. [N.T., p. 26] Plaintiff did not notice any debris on the floor, any garbage, paper or anything like that. [N.T., p. 27] She testified that the floor was very slippery and that she did not notice any water, oil, grease or any foreign substance on the floor. [N.T., p. 28] Immediately after her fall, Plaintiff did not notice anything on her hands, on her clothing, or on her shoes which may have led her to the conclusion of what caused her to fall, just that the floor was very slippery. [N.T., P. 29]

At the time of Plaintiff's fall, Weis subcontracted with Enterprise Solutions, ("Enterprise") to clean and wax its floors. Weis' floors were waxed twice annually which

typically takes 1-2 weeks. Enterprise subcontracted with Contrast LLC ("Contrast") to strip and wax Weis' floors. [*See* Plaintiffs Brief in Opposition to Weis' Motion for Summary Judgment, p.81. Subcontractor Agreement] Enterprise invoiced Weis for stripping and waxing floors between March 22, 2012 and March 29, 2012, the week when Plaintiff fell. [*See* Plaintiffs Brief in Opposition to Weis' Motion for Summary Judgment, Exhibit D].

Weis argues that Plaintiff's testimony speculates as to the cause of her fall, and, therefore, she cannot sustain her burden of proof. In order to "impose liability on a possessor of land, the invitee must present other evidence which tends to prove that... the proprietor knew, or in the exercise of reasonable care ought to have known, of the existence of the harm causing condition." *Moultrey v. Great A&P Tea Co.*, 422 A.2d 593, 596 (Pa. Super. 1980) (citations omitted). In this case, we believe that Plaintiff has failed to establish that Weis knew of any harmful condition on its floors. Even if we accept Arlene Langdon's testimony that she observed a skid mark on the floor, she could not identify the mark as being Plaintiff's scuff mark. [Notes of Testimony, Arlene Langdon, May 23, 2013, p.23 (hereinafter "N.T. 5/23/13")] Ms. Langdon did not walk over and touch the floor where she observed the scuff mark. [N.T. 5/23/13, p.23]

Weis employee Robin Prunest testified that she was present when Plaintiff fell and after assisting Plaintiff up from the floor, she looked at the area of the fall. [Notes of Testimony, Robin Prunest, May 23, 2013, p.18-21] Ms. Prunest stated that she did not find anything on the floor. [Notes of Testimony, Robin Prunest, May 23, 2013, p.21] There was nothing on the floor which Ms. Prunest observed and she "went over to the floor and looked." [Notes of Testimony, Robin Prunest, May 23, 2013, p.21] Based

upon this testimony, we find that there is no evidence from which to conclude that Weis was in constructive notice of a harmful condition and therefore, breached its duty of care to Plaintiff. Plaintiff failed to present evidence that Weis knew or should have discovered that the floor was "very slippery," as she testified. Plaintiff is required to meet her burden of proof that the application of wax or an accumulation of wax created a condition so obviously dangerous that an inference of negligence arises. Plaintiff failed to produce evidence which would require the issue to be submitted to a jury. Therefore, since Plaintiff cannot sustain her burden, we find that Weis' SJ should be granted.

Accordingly, we enter the following ORDER:

## ORDER

AND NOW, this 1st day of April 2015, after oral argument and upon consideration of the record and Weis' Motion for Summary Judgment, along with the briefs filed by the parties, it is hereby ORDERED that Weis' Motion for Summary Judgment is GRANTED and Plaintiffs claims against Defendant Weis Markets, Inc., are dismissed.