J-S44035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GELA DEMISEW, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| COAKLEY & WILLIAMS HOTEL | : | |
| MANAGEMENT COMPANY | : | No. 467 EDA 2017 |

Appeal from the Order Dated December 20, 2016
in the Court of Common Pleas of Montgomery County,
Civil Division, No(s): 2015-04906

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 15, 2017**

Gela Demisew ("Demisew") appeals from the Order granting the Motion for Summary Judgment filed by Coakley & Williams Hotel Management Company ("Coakley & Williams").  We affirm.

In October 2013, Demisew and her sisters were staying at a Days Inn Hotel, managed by Coakley & Williams, located in Horsham, Pennsylvania.  On October 16, 2013, Demisew slipped and fell down a stairwell in the Days Inn.  Demisew indicated that one particular step on the stairwell was slippery.  Demisew, who suffered a sprained ankle and other injuries, reported the incident to hotel management the following day.

In March 2015, Demisew filed a Complaint against Coakley & Williams, asserting a negligence claim.  In September 2015, Coakley & Williams filed a Motion for Summary Judgment.  Following a hearing, the trial court granted the Motion for Summary Judgment.  Demisew filed a timely Notice of Appeal

and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Demisew raises the following questions for our review:

A. Whether the trial court abused its discretion and erred as a matter of law in granting [Coakley & Williams's] Motion for Summary Judgment because [Demisew] has set forth sufficient evidence to establish a *prima facie* case of negligence?

B. Whether the trial court abused its discretion and erred as a matter of law by failing to consider, or failing to give appropriate weight to, evidence and testimony from which a reasonable jury could conclude that [Demisew] has established prima facie proof that her fall was caused by [Coakley & Williams's] negligent conduct?

C. Whether the trial court abused its discretion and erred as a matter of law by relying on the Pennsylvania Supreme Court's decision in ***Martin v. Evans***, 711 A.2d 458, 461 (Pa. 1998)[,] in granting [Coakley and Williams's] Motion for Summary Judgment?

D. Whether the trial court abused its discretion and erred as a matter of law by relying on the Pennsylvania Superior Court's decision in ***Churilla v. Barner***, 409 A.2d 83 (Pa. Super. 1979)[,] in granting [Coakley and Williams's] Motion for Summary Judgment?

Brief for Appellant at 3 (some capitalization omitted).

We review a challenge to the entry of summary judgment as follows:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving

party is entitled to relief as a matter of law, summary judgment may be entered. Pa.R.C.P. 1035.2(1). Where the non[-]moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Pa.R.C.P. 1035.2(2). Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Davis v. Wright***, 156 A.3d 1261, 1266 (Pa. Super. 2017) (case citation and brackets omitted).

As Demisew's claims are related, we will address them together. Demisew contends that the trial court abused its discretion and erred as a matter of law in granting the Motion for Summary Judgment, as she set forth sufficient evidence to establish negligence. Brief for Appellant at 10, 14-15, 17-18, 21, 23-24. Demisew argues that Coakley & Williams owed a duty to her, as a business invitee, to exercise reasonable care to discover the slippery step. ***Id.*** at 10-11, 18-19, 20; ***see also id.*** at 19 (noting that Demisew did not allege Coakley & Williams created or had actual notice of the slippery step, but that Coakley & Williams had constructive notice and should have exercised reasonable care). Demisew asserts that the evidence proved the existence of a slippery step, and that Coakley & Williams only cleaned the stairwell on a weekly or "as needed" basis. ***Id.*** at 11-12, 13, 17, 20; ***see also id.*** at 20-21 (wherein Demisew argues that the trial court should have further considered Coakley & Williams's representative's

testimony regarding the cleaning schedule as a jury should determine whether the schedule was reasonable). Demisew additionally asserts that it was raining on the day in question and that guests, who used the stairwell on a frequent basis, could have tracked water onto the stairwell, creating the dangerous condition. *Id.* at 11, 12, 15, 20, 24. Demisew argues that contrary to the trial court's finding, a liability expert was unnecessary in this case, as a jury could decide the slip and fall matter without expert testimony. *Id.* at 15, 17, 24. Demisew also contends that the trial court's reliance upon **Martin** and **Churilla**[1] was misplaced. *Id.* at 21-23.

"To prevail in a negligence action, the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage." **Barton v. Lowe's Home Centers, Inc.**, 124 A.3d 349, 359 (Pa. Super. 2015). The parties agree that Demisew was an invitee on Coakley & Williams's premises, and thus the following legal principles apply:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it

---

[1] Specifically, the trial court cited **Martin** for the proposition that "[t]he mere occurrence of an accident does not establish negligence." Trial Court Opinion, 2/24/17, at 3. The trial court cited **Churilla** for the proposition that "[m]ere theories as to what *may have* transpired may not be employed as a substitute for concrete evidence." *Id.* at 2 (emphasis in original).

- 4 -

involves an unreasonable risk of harm to such invitees, and

> (b)   should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c)   fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (2d) OF TORTS § 343. …

[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence.  In order to recover damages in a slip and fall case such as this, the invitee must present evidence[,] which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances.  This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition.  Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

*Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1193 (Pa. Super. 2015) (citation omitted).

The record, viewed in a light most favorable to Demisew, establishes that on October 16, 2013, Demisew was going down a stairwell in the Days Inn and slipped on a step.  N.T. (Demisew Deposition), 6/17/16, at 24-27. Demisew described the steps as made of concrete with a metal lip, and stated that the stairwell had railings on both sides of the steps.  *Id.* at 20-21; *see also id.* at 21 (wherein Demisew indicated that, prior to her slip, she had no issues with the stairwell and that she did not notice any defects).

- 5 -

Demisew additionally stated that people frequented the stairwell in question due to its proximity to the parking lot. *Id.* at 17-19, 22-23. Demisew stated that the weather on the day of her fall was misty. *Id.* at 22, 24. Thereafter, the following exchange occurred with regard to the stairwell in question:

Q. … So would it [be] fair to say then, ma'am, that you don't know what it was that was on the stairs?

A. Yeah, I guess that would be fair to say, sure.

Q. Are you certain there was something on the stairs?

A. It was definitely different than the rest of the stairs. Just for my own experience, it was like crystal or something. I don't know. Don't quote me on that, but I just mean it was like the viscosity, if you will, of the – the surface was completely different and treacherous compared to the other stairs that I stepped down on.

Q. So what I'm gathering you're telling me is that, based on what your foot felt like, you think there was something slippery on the stairs, but you never saw anything –

A. Yes.

Q. -- or you never felt anything with any other part of your body, other than your foot?

A. I'm not sure what you mean.

Q. Did you reach down with your hand and –

A. Oh, no. I don't think I touched it -- I don't think I touched the actual stair, but I don't recall.

Q. Did you have anything on your clothing?

A. Anything on my clothing?

Q. From what was on the stairs.

A. I don't believe so.

Q. Okay. To your knowledge, did [your sister] ever go and look at the stairway where you slipped?

A. I don't believe she did. We kind of were focused on my pain.

*Id.* at 28-30.

On October 17, 2013, Demisew reported the fall to the Days Inn manager, who documented it in an incident report, which stated the following:

> [] Demisew was checking out of room 339 at approximately 4:15 [p.m.] today when she asked to talk to a manager. When I went to talk with [Demisew], she told me that as she was coming down the stairwell yesterday, she felt a twist and heard a noise from her ankle. She said she did not think much about it at the time. Today she noticed her ankle was swollen and thought she should mention it to someone at the hotel before she checked out. She said it happened in the North stairwell on the landing between the 2nd and 3rd floors. She continued her check-out and left the hotel.

Incident Report, 10/17/13, at 3; *see also* N.T. (Demisew Deposition), 6/17/16, at 32.

The director of maintenance at the Days Inn, Martin Flaherty ("Flaherty"), stated that maintenance staff walked around the property twice per day. N.T. (Flaherty Deposition), 6/17/16, at 15-18. Flaherty indicated that the staff would complete a daily checklist, which included checking the stairwells. *Id.* at 18. Flaherty also pointed out that the cleaning staff cleaned the stairwell once per day. *Id.* at 22. Flaherty stated that

according to the checklist, there were no issues with the stairwell in question on October 16, 2013. *Id.* at 19.

Viewing the record in a light most favorable to Demisew, as the non-movant, we conclude that Demisew merely speculates as to the cause of the slip and fall. *See Neve v. Insalaco's*, 771 A.2d 786, 790 (Pa. Super. 2001) (noting that "[n]either the mere existence of a harmful condition in a store nor the mere happening of an accident due to such a condition evidences a breach of the proprietor's duty of care or raises a presumption of negligence."); *Myers v. Penn Traffic Co.*, 606 A.2d 926, 930 (Pa. Super. 1992) (stating that in a summary judgment motion, "the non-moving party must be given the benefit of all reasonable inferences," but the party "need not be given the benefit of inferences not supported by the record or of mere speculation."). Here, Demisew did not indicate what substance was on the step or report any slippery substances or defects on the step in the incident report. Moreover, Demisew did not produce any evidence as to how long the step was slippery or that the hotel should have had constructive notice of the alleged dangerous condition on the stairwell. Thus, Demisew could not establish negligence and the trial court's grant of summary judgment in favor of Coakley & Williams was proper. *See Toro v. Fitness Int'l LLC*, 150 A.3d 968, 977 (Pa. Super. 2016) (concluding that the trial court properly granted summary judgment in favor of defendant where plaintiff presented no evidence that defendant caused the floor to be wet, only

speculated as to how the floor became wet, did not know how long the floor was wet, did not demonstrate that defendant had actual or constructive notice of the wet floor and thus, failed to satisfy his burden of proof as to his negligence claim); ***see also Estate of Swift v. Ne. Hosp. of Phila.***, 690 A.2d 719, 722–23 (Pa. Super. 1997) (stating that the trial court properly granted appellee's motion for summary judgment where appellants failed to demonstrate appellee had notice of the water on the floor, as the appellants failed to present any evidence as to how the water came to be on the floor, how long the water was on the floor, or that the area was not properly maintained by the appellee's staff). Based upon the foregoing, Demisew's claims are without merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017