J-S37028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MONIQUE JOHNSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GABRIEL BROTHERS, INC. | |
| Appellee | No. 476 MDA 2016 |

Appeal from the Judgment Entered March 2, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-00692-CV

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED OCTOBER 20, 2017**

Monique Johnson appeals from the judgment entered on March 2, 2016 in the Dauphin County Court of Common Pleas in favor of Gabriel Brothers, Inc. ("Gabriel").  We affirm.

This matter arises out of a slip-and-fall that occurred on October 18, 2012, at a store owned by Gabriel in Harrisburg.  Specifically, Johnson alleged that she "tripped and fell after stepping on a clothes hanger" that was on the floor.  Memorandum and Order (Summary Judgment), 3/2/16, at 1 (unpaginated) ("Trial Ct. Op.").  On January 29, 2015, Johnson filed a complaint against Gabriel sounding in negligence.  On March 5, 2015, Gabriel filed an answer with new matter.  On March 24, 2015, Johnson replied to Gabriel's new matter.  Thereafter, on August 25, 2015, Gabriel filed a motion for summary judgment.  On September 24, 2015, Johnson

responded to Gabriel's motion, and on October 19, 2015, Gabriel filed a reply. On March 2, 2016, the trial court entered a memorandum and order granting Gabriel's motion, entering judgment in Gabriel's favor, and dismissing any and all claims against Gabriel with prejudice. Johnson timely filed a notice of appeal.

Johnson raises the following issue on appeal:

> 1. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Gabriel]'s Motion for Summary Judgment when a genuine issue of material fact exists as to [Gabriel]'s negligent maintenance of its store property and whether [Gabriel] had actual or constructive notice of the self-created dangerous condition?

Johnson's Br. at 5.

It is well-established that "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Truax v. Roulhac*, 126 A.3d 991, 996 (Pa.Super.) (quoting *Atcovitz v. Gulph Mills Tennis Club, Inc.,* 812 A.2d 1218, 1221 (Pa. 2002)), *app. denied*, 129 A.3d 1244 (Pa. 2015). The moving party bears the burden of proving that no genuine issue of material fact exists. *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 159 (Pa. 2009). "[T]he trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of

material fact against the moving party." **Truax**, 126 A.3d at 996 (internal citation omitted).

We have explained our standard of review as follows:

> [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.

**Id.** (quoting **Weaver v. Lancaster Newspapers, Inc.,** 926 A.2d 899, 902–03 (Pa. 2007)).

In a slip and fall case where, as here, the plaintiff is an invitee, she must prove that the proprietor either had a hand in creating the harmful condition or had actual or constructive notice of such condition. **Moultrey v. Great A & P Tea Co.**, 422 A.2d 593, 598 (Pa.Super. 1980). "[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." **Zito v. Merit Outlet Stores**, 647 A.2d 573, 575 (Pa.Super. 1994) (quoting **Moultrey**, 422 A.2d at 596). Where the harmful condition is transitory and the evidence indicates that the condition

> is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the

condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

**Moultrey**, 422 A.2d at 596. Furthermore, "[w]hat constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." **Neve v. Insalaco's**, 771 A.2d 786, 791 (Pa.Super. 2001) (**Rogers v. Horn & Hardart Baking Co.**, 127 A.2d 762, 764 (Pa.Super. 1956)).

Here, Johnson argues that Gabriel had actual notice because it "created the hazard" and otherwise had constructive notice because it "would have known of the . . . condition if its inspection and maintenance protocols were not substandard and negligent." Johnson's Br. at 18. Johnson contends that Gabriel's movement of merchandise around the store, its knowledge that clothes hangers are commonly found on the floor, its lack of adequate inspection training, policies, procedures, and documentation, a history of slip-and-falls in its stores, and Gabriel's failure to preserve video footage create genuine issues of material fact as to Gabriel's negligence and actual or constructive notice.

We first examine whether there is a genuine issue of material fact that Gabriel created the harmful condition. In **Myers v. Penn Traffic Co.**, we affirmed the grant of summary judgment in favor of the appellee supermarket, where the appellant alleged, in part, that she slipped on a

grape on the floor. 606 A.2d 926, 929 (Pa.Super. 1992). This Court determined that "appellant . . . presented no evidence as to the cause of the presence of the grape on the floor." *Id.* at 931. Moreover, we concluded that

> negligence is not established by the fact that produce frequently fell to the floor when employees filled the produce cases. Furthermore, a lack of reasonable care is not established merely because the employee working in the produce department was on a break when appellant fell. These facts do not lead to a reasonable inference that appellee or its agents were negligent and that negligence caused the grape to be on the floor. A jury would not properly be able to reach a conclusion of negligence on these facts as such a conclusion would be based on guess or conjecture.

*Id.*

Similarly here, that Gabriel employees move merchandise around the store during store hours and that clothes hangers are commonly found on the floor of the store do not lead to a reasonable inference that Gabriel was negligent or that its or its employees' negligence caused the hanger to be on the floor. As in **Myers**, **supra**, "[a] jury would not properly be able to reach a conclusion of negligence on these facts as such a conclusion would be based on guess or conjecture." Thus, we conclude that there is no genuine issue of material fact as to whether Gabriel created the harmful condition. In addition, because Johnson's claim regarding Gabriel's actual notice depends on Gabriel having created the harmful condition, we conclude that

there is no genuine issue of material fact that Gabriel did not have actual notice of the condition.

We next examine whether there is a genuine issue of material fact regarding Gabriel's constructive notice of the clothes hanger on the floor.

First, Johnson contends that Gabriel would have had constructive notice of the hanger if its "inspection and maintenance protocols were not substandard and negligent." Johnson's Br. at 18. Johnson argues that Gabriel failed to: properly train its employees for floor inspections; assign specific employees to conduct floor inspections; set specific floor inspection routes; set specific times for floor inspections; and keep logs or records of floor inspections.

Gabriel's corporate designee, Robin Virbickis, testified at her deposition that floor inspections were "part of the manager on duty's program as they tour the store to monitor" the store's conditions, that managers switched on and off in three-hour shifts, that during their shifts, managers completed "figure eights" throughout the building, and that asset protection employees also helped inspect the floor as part of their daily tours through the store. Virbickis Dep. at 67-68, 70, 72-73. In support of her claim that Gabriel's inspection policies were deficient, Johnson relies on Virbickis' testimony that floor inspections were not scheduled, were not documented, did not have specifically defined routes, were not required to be performed a set amount of times during a shift, and that Virbickis could

not say how often floors were inspected. Johnson's Br. at 9-11. Virbickis further testified that there was no section in the training document for managers dealing specifically with inspection of the floor for hazards. *Id.* at 11. In addition, Virbickis testified that she did not know if there was any way to tell when the last floor inspection of the area in which Johnson fell occurred, whether the last floor inspection would have been documented, or who would know the answers to those questions. *See id.* at 80-81. However, Gabriel's policy was to conduct inspections, and Johnson did not present sufficient evidence to create a genuine issue of material fact that those inspections did not occur or were insufficient such that Gabriel would otherwise have had constructive notice of the hanger.

Next, we examine whether there is a genuine issue of material fact regarding the length of time the clothes hanger was on the floor before Johnson's fall. The trial court found:

> According to [Johnson], she fell after slipping on a "clear hanger", which she never saw prior to her fall. (Deposition of Monique Johnson at pp. 34-35). [Johnson] was alone at the time, and has presented no witnesses or any other evidence that would establish how long the clothes hanger had been on the floor. (Id. at pp. 30-32).

Trial Ct. Op. at 3 (unpaginated). Thus, Johnson, by her own admission, failed to demonstrate how much time elapsed between the origin of the hazardous condition and her fall.

Johnson claims that Gabriel's failure to preserve video footage of the accident could support a future motion *in limine* based on spoliation.

Presumably, Johnson believes that Gabriel's failure to preserve video footage could permit an adverse inference against Gabriel as to timing. *Parr v. Ford Motor Co.*, 109 A.3d 682, 701 (Pa.Super. 2014) (finding that spoliation sanctions "arise out of the common sense observation that a party who has notice that evidence is relevant to litigation and who proceeds to destroy evidence is more likely to have been threatened by that evidence than is a party in the same position who does not destroy the evidence" and that one "remedy for the loss or destruction of evidence by the party controlling it is to allow the jury to apply its common sense and draw an 'adverse inference' against that party"). Johnson's counsel stated that he never received copies of any surveillance footage. Virbickis Dep. at 109. However, a review of Virbickis's testimony – the sole evidence to support a spoliation claim – reveals only that she did not know whether the accident had been recorded. *Id.* at 107:3-8. This testimony does not prove that Gabriel destroyed or otherwise failed to preserve video footage – it proves only that Johnson did not receive video footage. Further, in her brief, Johnson does not specifically allege that Gabriel failed to comply with discovery requests for video footage, nor does the record contain a motion to compel production of video footage.

Finally, in support of her claim, Johnson relies on a history of prior slip-and-falls in Gabriel's stores. However, while Virbickis testified that she was aware of other slip-and-falls in the five years prior to the accident, she

did not know how many occurred nor whether any had occurred as a result of fallen clothes hangers. **See** Virbickis Dep. at 88-89. Johnson presented no other evidence of a history of slip-and-falls to support a finding of Gabriel's constructive notice of the hanger.

Accordingly, we conclude that there is no genuine issue of material fact regarding Gabriel's constructive notice of the harmful condition.

Therefore, because no genuine issues of material fact exist as to Gabriel's actual or constructive notice, and Gabriel is entitled to judgment as a matter of law, we conclude that the trial court properly granted summary judgment in Gabriel's favor.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017