Patricia GALES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 84–1555.

United States District Court,
W.D. Pennsylvania,
Civil Division.

Sept. 6, 1985.

Lee R. Golden, Pittsburgh, Pa., for plaintiff.

Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

OPINION

SIMMONS, District Judge.

I.

The above-captioned case was filed by the Plaintiff Patricia Gales, seeking money damages for personal injuries allegedly sustained as the result of a fall at the Veterans Administration Medical Center in Pittsburgh, Pennsylvania, on October 15, 1982. Jurisdiction is based on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* Discovery in the matter has

concluded, and the Defendant has moved for summary judgment. Briefs and supplemental briefs have been submitted, oral argument has been held, and the Defendant's motion for summary judgment is now ready for decision by this Court. The basis of the Defendant's motion is that because there is no evidence that the Veterans Administration in any manner contributed to the Plaintiff's accident, the Defendant is therefore entitled to judgment as a matter of law.

The factual background relevant to the decision of this motion may be briefly summarized as follows. On October 15, 1982, the Plaintiff, Patricia Gales, and her husband Donald Gales, visited the VA Hospital in Oakland, Pittsburgh, Pennsylvania, because the Plaintiff's husband had an appointment for a check-up with a VA physician. Mr. Gales saw the doctor shortly before noon, spent approximately 45 minutes with him, and then the Gales went to the ground floor to eat lunch in the cafeteria, and they thereafter visited the PX, which was located on the same floor. The Gales were ready to leave the hospital, and walked toward the elevators near the cafeteria, when the Plaintiff Patricia Gales slipped and fell near the elevator. Plaintiff was helped up from the floor by her husband and Calvin Bush, a VA employee, and then Plaintiff was examined by a VA physician.

The apparent cause of the fall was a small puddle of clear liquid on the floor near the elevator, and Mr. Gales estimated the puddle to be about one and one-half to two feet in diameter. Mrs. Gales first believed that the substance was water, but later she and her husband described the substance as slippery and jelly-like. Mr. Gales believed that the substance was similar to surgical gel, but Calvin Bush, the VA employee, and a former surgical prep aide, concluded that the substance was probably water. Both Mr. Gales and Mr. Bush remarked that their observation of the liquid occurred after the fall, and that the liquid spread after the fall. There was no tracking of the substance away from the immediate area of the fall. Bush stated that he had been through that area at noon, and had not seen the liquid then. The area of the accident had been damp-mopped the morning of the accident, and the accident occurred at approximately 2:00 PM. Approximately 1300 persons entered the cafeteria on October 15, 1982.

There is no evidence that the Veterans Administration ever had any actual notice of the presence of this liquid on the floor prior to the time when Mrs. Gales fell. The floor area was routinely cleaned three times a day, and appropriate measures were taken when spills were detected. Hospital policy required that all employees report any spills or unclean conditions that were discovered in the hospital.

## II.

In a case brought under the Federal Tort Claims Act, the law of the state in which the alleged tortious conduct occurred controls on the issue of liability. *Hanko v. United States,* 583 F.Supp. 1280, 1283 (W.D.Pa.1984), and Pennsylvania law is thus controlling here. Under Pennsylvania law, the possessor of land is not the insurer of the safety of those on the premises, and the mere existence of a harmful condition or the mere happening of an accident is not evidence of a breach of duty of care to invitees. *Moultrey v. Great Atlantic & Pacific Tea Company,* 281 Pa.Super. 525, 530, 422 A.2d 593 (1980); *see also Amon v. Shemaka,* 419 Pa. 314, 317, 214 A.2d 238, 239 (1956); *Calhoun v. Jersey Shore Hospital,* 250 Pa.Super. 567, 571, 378 A.2d 1294, 1296 (1977); *Jones v. Sanitary Market Company,* 185 Pa.Super. 163, 165–66, 137 A.2d 859, 860–61 (1958). Other evidence must be presented which tends to prove either that the proprietor knew, or in the exercise of reasonable care, should have known of the existence of the condition which caused the harm. *Moultrey, supra.*

Pennsylvania courts have held that if a harmful transitory condition is created by the possessor of land or those under his authority, then it is not necessary that the

Plaintiff prove any notice of the condition in order to hold the possessor accountable. *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 322, 323, 324 (1964). If the condition is one which the owner knows has frequently recurred, then actual notice of the condition may properly be found. *Borsa v. Great Atlantic & Pacific Tea Co.*, 207 Pa.Super. 63, 68, 215 A.2d 289, 292 (1965). However, if the transitory condition is traceable to persons other than those for whom the owner is ordinarily accountable, there must be actual notice or constructive notice that the condition existed for such a length of time that in the existence of reasonable care it should have been discovered. *Katz v. John Wanamaker, Inc.*, 381 Pa. 477, 482, 112 A.2d 65, 67 (1955); *Parker v. McCrory Stores*, 376 Pa. 122, 101 A.2d 377 (1954); *Sheridan v. Horn & Hardart*, 366 Pa. 485, 77 A.2d 362 (1951).

In the instant case, actual notice of the condition is not in issue, nor is there any evidence that the condition was one which the VA knew frequently recurred. Plaintiff must therefore proceed on a constructive notice theory in this case. The Plaintiff contends that summary judgment is not appropriate here since there is no direct evidence that the area of the accident was specifically inspected by the Defendant after the noontime inspection on the day of the accident. It is the Plaintiff's contention that because Plaintiff is the non-moving party against whom a non-favorable inference cannot be drawn, this Court must therefore infer that the liquid substance was present on the floor for the two hour period preceding the accident, a time period sufficient to establish constructive notice.

 The party moving for summary judgment has the burden of showing that he is entitled to judgment under established principles. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 156 (1970). Under Rule 56 of the Federal Rules of Civil Procedure, the moving party has met his burden and the granting of the summary judgment is proper if, considering all of the evidence of record in the light most favorable to the party opposing the motion, a prima facie case or defense is not established. If there is any evidence in the record from which a reasonable inference in the non-movant's favor may be drawn, the moving party is not entitled to summary judgment. *In re Japanese Electronic Products*, 723 F.2d 238, 258 (3d Cir.1983).

 Here, in order for the Plaintiff to establish a prima facie case, the Plaintiff must show that the Defendant had constructive notice that the liquid substance, which caused the spill, was on the floor for such a length of time that its existence should have been discovered by the Defendant. The Plaintiff has not produced any evidence indicating the length of time that the liquid was on the floor prior to the Plaintiff's fall, but the Plaintiff nonetheless contends that the inference must be drawn that the liquid was on the floor for two hours prior to the fall, a sufficient length of time that the Defendant should have had notice of the same. However, this inference is not reasonable in light of the evidence presented by the Defendant that although hundreds of people passed through this area in the two hours preceding the accident, there was no tracking of the liquid substance to any area away from the immediate area of the accident. The absence of tracking from the area of a spill is evidence that the spill is one of recent origin. *Lanni v. Pennsylvania Railroad Co.*, 371 Pa. 106, 88 A.2d 887 (1952). The Defendant has also produced evidence indicating that maintenance personnel passed through this area on a regular basis, and they were observant of unclean and/or unsafe conditions which would be promptly remedied.

Plaintiff additionally argues that if the substance is surgical gel, rather than water as the Defendant contends, it should therefore be inferred that the substance was dropped by one of Defendant's employees. However, even assuming *arguendo* that the substance was surgical gel rather than water, Plaintiff has not produced any evidence indicating that surgical gel was in the exclusive control of the Defendant,

since persons other than the Defendant's employees (patients or out-patients) could have dropped the substance on the floor.

■ Because there are no facts showing that the liquid substance was on the floor for a sufficient time period such that constructive notice of the same may be reasonably inferred, entry of Summary Judgment in the favor of the Defendant United States of America is warranted. An appropriate Order will be entered.