William G. **BOYSEN** and Kathryn **Boysen, husband and wife,** **Plaintiffs,**

v.

**UNITED STATES, d/b/a United States Customs House, Defendant.**

Civil Action No. 95–5292.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1996.

Andrew E. DiPiero, Jr., Law Offices of Rutter & DiPiero, Philadelphia, PA, for Plaintiffs.

James G. Sheehan, Virginia R. Powel, U.S. Department of Justice, Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs William and Kathryn Boysen filed this tort action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., claiming damages for injuries resulting from Mr. Boysen's trip and fall on the sidewalk abutting the United States Customs House in Philadelphia. Plaintiffs seek damages in Count I for Mr. Boysen's medical

expenses, lost income, and pain and suffering, and in Count III for Mrs. Boysen's loss of consortium.[1] The case was tried before this Court in a non-jury trial on October 23 and 24, 1996. The parties having submitted their proposed findings of fact and conclusions of law, this matter is ripe for our decision, which follows.

## FINDINGS OF FACT

1. On June 17, 1992, Plaintiffs William and Kathryn Boysen, husband and wife, visited Philadelphia. (Tr., Vol. I, p. 45).

2. Mr. and Mrs. Boysen were in the area for their son's wedding and, having never been to the Philadelphia before, they decided to tour the city's historic area that day. (Tr., Vol. I, pp. 45–46).

3. With Plaintiffs were their two daughters, Tina Koepke and Tammy Wettstein, and their daughters' respective husbands, Wayne and David. (Tr., Vol. II, pp. 68).

4. Around noon, Plaintiffs and their family ate lunch at the City Tavern at Second and Walnut Streets in Philadelphia. (Tr., Vol. I, p. 46).

5. Lunch lasted approximately 45 minutes to one hour, during which time Mr. Boysen consumed one beer. (Tr., Vol. I, p. 29).

6. After lunch, Plaintiffs and their family exited the City Tavern and decided to head towards the Betsy Ross House. They began walking north on the sidewalk on the west side of Second Street. (Tr., Vol. II, p. 68).

7. The United States Customs House at Second and Chestnut Streets is one block north of the City Tavern. When Plaintiffs and family reached the sidewalk abutting the United States Customs House, Tina and Wayne Koepke and Tammy Wettstein were walking in front of the group (Tr., Vol. I, p. 14), Plaintiffs were behind them, with Mrs. Boysen slightly ahead of her husband, (Tr., Vol. II, p. 69), and David Wettstein was walking alone approximately three feet behind Mr. Boysen. (Tr., Vol. I, p. 19).

---

**1.** Count II against the City of Philadelphia was previously dismissed with prejudice by joint stip-

ulation of the parties.

8. The condition of the area abutting the U.S. Customs House on Second Street shortly after noon on June 17, 1992, was as follows:

   a. Adjacent to the Customs House was a grating surrounded by a granite border called a sill. The sidewalk abutted the sill. On the edge of the sidewalk next to the curb were trees. (Tr., Vol. I, pp. 19–20, 30–31, 47–48; Pls.' Exh. 2A–F).

   b. The sill was slightly higher than the sidewalk adjoining it, creating an uneven surface or ledge at the point that the sidewalk and sill met. (Tr., Vol. I, 48; Pls.' Exh. 2A–F). The height of this ledge varied slightly over the course of the border between the sill and sidewalk, but was never greater than two inches. (Tr., Vol. I, p. 117).

   c. The granite sill appeared lighter in color than the cement sidewalk abutting it. The black grating was significantly darker than both. (Pls.' Exh. 2A–F).

9. Nothing prevented Mr. Boysen from observing the condition of sill and sidewalk and the uneven surface at the point the two met. (Tr., Vol. I, pp. 29–30). The weather was clear and no one or nothing obstructed Mr. Boysen's view of the ground in front of and beneath him. (Tr., Vol. I, pp. 22, 29–30, 117).

10. Mr. Boysen was experiencing no difficulty walking that day. (Tr., Vol. I, p. 50).

11. Mr. Boysen was walking on the left side of the sidewalk immediately next to the sill as he passed the Customs House. At some point as he walked past the grating and sill, he stepped on the uneven surface where the sidewalk and sill and met, turned his ankle, and began to stumble. (Tr., Vol. I, p. 48).

12. As Mr. Boysen began to fall, David Wettstein reached for him from behind in an effort to prevent him from hitting the ground. Mr. Wettstein was able to grab his father-in-law's shirt momentarily but could not hold on. (Tr., Vol. I, p. 25).

13. Mr. Boysen attempted to regain his balance by stepping forward with his right foot, but was unable to stop his fall. (Tr., Vol. I, p. 49).

14. Mr. Boysen fell to the pavement, landing on his left arm. (Tr., Vol. I, p. 49).

15. Mr. Boysen suffered a painful dislocation of his left elbow as a result of this fall. This injury necessitated several operations, extensive physical therapy, and led him to retire from his job earlier than he had planned, all of which caused substantial economic loss. (Tr., Vol. I, pp. 56–89).

16. Mr. Boysen is also unable to perform certain tasks (shoveling snow, buttoning his shirt, general house repairs) and participate in other activities (cycling, canoeing) as a result of his injury, thereby creating additional hardship for his wife and family. (Tr., Vol. I, pp. 88–94).

## DISCUSSION

■ In this Federal Tort Claims Act case, we must determine whether the United States, if a private landowner, would be liable for Mr. Boysen's injuries under Pennsylvania law. 28 U.S.C. § 1346(b); *Gales v. United States*, 617 F.Supp. 42 (W.D.Pa.1985), *aff'd. without op.*, 791 F.2d 917 (3d Cir.1986). Under Pennsylvania's comparative negligence statute, a plaintiff whose negligence is more than fifty (50) percent the cause of a particular accident may not recover damages for injuries suffered in that accident from a defendant whose negligence was also a contributing factor. 42 Pa.Cons.Stat.Ann. § 7102. Stated simply, if we conclude that Mr. Boysen's negligence in causing the accident at issue here exceeded that of the United States, we must enter judgment for the government. We turn then to the facts of this case.

■ Plaintiffs claimed at trial that two defects in the area abutting the Customs House caused Mr. Boysen to fall and injure himself. Plaintiffs argue that the accident occurred as follows: Mr. Boysen began to stumble when he turned his left ankle on the ledge between the sill and sidewalk, tried to stop his fall by stepping forward with his right foot, further lost his footing when he placed his right foot in a nearby crack in the pavement, and fell to the ground. As is apparent from our findings of fact enumerated above, we find that Plaintiffs failed to establish by a preponderance of the evidence

that a crack in the sidewalk contributed to Mr. Boysen's fall. We so conclude for two reasons. First, Mr. Boysen made no mention of such a crevice in the statement he made immediately after the incident, nor is such mentioned in his complaint. Second, Mr. Boysen's account in his deposition differed slightly from his testimony at trial in terms of where precisely he placed his right foot when trying to regain his balance. While he may have stepped near the sidewalk imperfection, the evidence does not establish that he stepped in or on it.

■ On the other hand, we find sufficient evidence to conclude that Mr. Boysen did stumble on the uneven surface where the sill abutted the sidewalk. We decide, however, based on a careful review of the testimony and exhibits in the record now before us, that any negligence on the government's part in failing to make safe or warn of this condition was far outweighed by Mr. Boysen's negligence in stepping on it. The ledge between the sidewalk and sill is plainly visible from the pictures in Plaintiffs' Exhibit 2, and both Mr. Boysen and Mr. Wettstein testified that it was a clear day and that nothing obstructed Mr. Boysen's view of the ground in front of and beneath him. Had Mr. Boysen simply looked at the ground before he inadvertently stepped on the uneven surface, he would have observed the ledge, and he would not have placed his left foot there.[2] In short, Mr. Boysen's failure to watch where he was walking was a greater cause of this accident than was any negligence on the government's part in allowing this condition to exist and failing to warn third parties of it.

We therefore reach the following conclusions of law.

## CONCLUSIONS OF LAW

1. Jurisdiction is proper under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

2. The negligence of Plaintiff William Boysen in causing the accident at issue in this case was greater than the causal negligence of the United States.

3. Judgment is therefore entered for Defendant pursuant to 42 Pa.Cons.Stat.Ann. § 7102 on both Counts I and III.

## CONCLUSION

This Court does not doubt that this accident had a significant impact on the lives of Mr. Boysen and his family. We fully credit Mr. Boysen's testimony that the injury he suffered was very painful, necessitated extensive medical treatment, and caused him to retire earlier than he had otherwise intended. We also sympathize with Mrs. Boysen for the additional burdens caused by her husband's diminished capacity to help around the house. We are nonetheless bound, based on the evidence presented at trial and our application of Pennsylvania law to that evidence, to enter judgment for the United States in this case. An appropriate Order follows.

## ORDER

AND NOW, this 30th day of December, 1996, following a non-jury trial in this matter and careful consideration of the parties' proposed findings of fact and conclusions of law, and for the reasons set forth in the preceding Memorandum, it is hereby ORDERED that VERDICT and JUDGMENT are entered in favor of Defendant in no amount on Counts I and III of Plaintiff's Complaint. Count II having previously been dismissed with prejudice by joint stipulation of the parties, this matter is now closed.

---

2. We make no finding as to why Mr. Boysen was walking so close to the sill. Some evidence adduced at trial suggested that Plaintiffs had moved to the left side of the sidewalk when a group of pedestrians walking in the opposite direction passed them on the right. Crediting this testimony as true does not change the simple conclusion that Mr. Boysen could have and should have watched where he was stepping.