David COX; Karen Cox,
H/W, Appellants

v.

WAL–MART STORES EAST, L.P.

No. 08–3786.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 2, 2009.

Filed: Oct. 28, 2009.

Richard P. Haaz, Esq., Philadelphia, PA, for Appellants.

Lindsey S. Forshay, Esq., McDonnell & Associates, Cherry Hill, NJ, Patrick J. McDonnell, Esq., Analisa S. Sondergaard, Esq., McDonnell & Associates, King of Prussia, PA, for Wal–Mart Stores East, L.P.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

David Cox and Karen Cox, husband and wife, appeal from the District Court's grant of summary judgment to Wal–Mart Stores East, L.P. (Wal–Mart). We will affirm.

### I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On July 29, 2005, while shopping at a Philadelphia-area Wal–Mart store, plaintiff David Cox slipped on a small patch of oil on the floor of an aisle in the store's automotive department. On the shelves above where David Cox slipped, Wal–Mart stocked five-gallon containers of motor oil. On most of the shelves, these containers were stored upright, but on the bottom shelf these containers were stored horizontally. After the incident, a Wal–Mart employee observed a business card-sized smear of oil in the aisle, along with a few drops of oil, primarily in the area under the shelves. This employee also observed oil residue on one of the containers that was stored on its side on the bottom shelf, as well as drops of oil on the shelf itself. When the employee inspected this container, he found that the lid was on securely and that no oil was leaking from the container.

Plaintiffs filed this action on June 13, 2007, alleging that David Cox sustained injuries caused by Wal–Mart's negligence and that Karen Cox suffered from loss of consortium. Wal–Mart moved for summary judgment, and on August 26, 2008, 2008 WL 4072804, the District Court granted Wal–Mart's motion. The court concluded that plaintiffs had failed to produce any evidence that Wal–Mart had actual or constructive notice of the oil on the floor before the accident occurred, or that the horizontal stacking of the oil containers caused the oil to leak onto the floor. The court also rejected the plaintiffs' attempt to apply the doctrine of *res ipsa loquitur* to establish Wal–Mart's negligence. The plaintiffs timely appealed the grant of summary judgment.

### II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a), and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

This Court reviews the District Court's grant of summary judgment de novo, applying the same standard that the District Court was obligated to apply. *Gonzalez v. AMR*, 549 F.3d 219, 223 (3d Cir.2008). "Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation

omitted). *See* Fed.R.Civ.P. 56(c). On summary judgment, "we must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party's favor." *New Jersey Transit Corp. v. Harsco Corp.*, 497 F.3d 323, 326 (3d Cir.2007) (citation omitted).

### III.

The parties agree that Pennsylvania law governs plaintiffs' claims, as do we. In Pennsylvania, the "mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." *Swift v. Northeastern Hospital of Philadelphia*, 456 Pa.Super. 330, 690 A.2d 719, 722 (1997). To establish a negligence claim, a plaintiff must prove "four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Id.* Under section 343 of the Restatement (Second) of Torts, which in Pennsylvania defines the duty that a possessor of property owes to a business invitee, a store owner is only liable for injuries to a patron caused by a dangerous condition on the premises if he "knows of or reasonably should have known of the condition." *Swift*, 690 A.2d at 722. Therefore, an "invitee must prove either the [defendant] had a hand in creating the harmful condition, or [it] had actual or constructive notice of such condition." *Id.* The District Court granted summary judgment because it concluded that plaintiffs failed to produce any evidence that Wal–Mart had actual or constructive notice of the drops of oil on the floor before the accident occurred, or that Wal–Mart was involved in any way in creating the condition.

■ Plaintiffs argue that Wal–Mart created the dangerous condition because "it was responsible for stocking the sideways positioned oil container." Cox Br. at 13; *see also* Joint Appendix ("J.A.") 85 (report of Howard P. Medoff, Ph.D., P.E., opining that "it is reasonable and logical to conclude that the oil spilled from the sideways stacked oil container"). Plaintiffs also argue that the evidence supports a reasonable inference that the condition existed for a long enough duration to provide constructive notice. Cox Br. at 13. Plaintiffs reason that since none of the witnesses observed an "active leak," the "presence of oil about the oil container and shelf and floor below it indicates that a slow leak over time was the source of the oil on the floor." *Id.; see also id.* at 8 (citing expert report concluding that the Wal–Mart employee's description of the incident was "consistent with container leakage over time").

The evidence simply could not permit a reasonable jury to conclude that the drops of oil were caused by Wal–Mart's horizontal stocking of the containers. Although the plaintiff's expert surmised that a "reasonable and logical" explanation for the source of the oil is that it leaked from one of the oil containers, J.A. 85, there is no evidence to support this hypothesis, and several other causes may explain the presence of the oil. *See* J.A. 59 (explaining that oil drops on the floor of the store may be caused by a customer opening a container or a container falling and cracking open). On this evidentiary record, the District Court properly granted summary judgment. *See Martino v. Great Atlantic & Pacific Tea Co.*, 419 Pa. 229, 213 A.2d 608, 610 (1965) ("There is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusions based upon guess or conjecture."); *Myers v. Penn Traffic Co.*, 414 Pa.Super. 181, 606 A.2d 926, 930 (1992) ("Without evidence that one or the other of these two equally likely occurrences caused the grape to be on the floor,

there is no issue to be tried. Any decision would be based on mere speculation.").

█ The evidence also fails to support plaintiffs' contention that the drops of oil were on the floor long enough that Wal–Mart should have been aware of their presence. Plaintiffs try to apply deductive logic to support their theory that a "slow leak over time was the source of the oil on the floor." Cox Br. at 13. They begin with the undisputed fact that oil was observed on the floor and on one of the horizontally stocked containers. Since there "was no active leak," plaintiffs argue that the "reasonable factual inference is that this was not a transitory active leak (which just happened) but was slowly evolving over some period of time." Id. However, without any evidence that the oil was observable for any significant duration of time, a jury may not reasonably infer that Wal–Mart had constructive notice. See Gales v. United States, 617 F.Supp. 42, 44 (W.D.Pa.1985) (affirming summary judgment because "Plaintiff has not produced any evidence indicating the length of the time that the liquid was on the floor prior to the Plaintiff's fall"). The District Court properly granted summary judgment based on plaintiffs' failure to produce any evidence that Wal–Mart had actual or constructive notice of the hazardous condition.

## IV.

█ Plaintiffs also argue that the District Court erred in holding that the doctrine of res ipsa loquitur was inapplicable to these facts. Cox Br. at 13–14. Pennsylvania "has adopted the evidentiary rule of res ipsa loquitur as articulated in the Restatement (Second) of Torts." D'Ardenne v. Strawbridge & Clothier, Inc., 712 A.2d 318, 321 (Pa.Super.Ct.1998). The Restatement provides that a plaintiff's injury may be "inferred" to have been caused by the defendant's negligence when "(a) the

event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." Restatement (Second) of Torts § 328D(1).

However, res ipsa loquitur cannot be invoked under these circumstances. In cases in which "a patron suffers injury in a store from a transitory danger, res ipsa loquitur does not apply." Neve, 771 A.2d at 790. The doctrine may be applied to a "defect in the building or its fixtures," which exists "for sufficient time to charge the defendant store with knowledge," id., but it does not apply to a "transitory defect like a spill," id. at 791, because "shopkeepers cannot be charged with notice of transitory dangers that can materialize a split second before an injury occurs." Id. at 790. The temporary spill of a few drops of oil is not the type of defect for which res ipsa loquitur may be applied.

In addition, the District Court properly determined that plaintiffs failed to produce evidence eliminating other potential causes for the drops of oil. See Lonsdale v. Joseph Horne Co., 403 Pa.Super. 12, 587 A.2d 810, 816 (1991) (affirming judgment for defendant where plaintiff failed to produce evidence that "would eliminate third parties (e.g., ... other store patrons) as possible causes of the accident."). We agree with the District Court that the doctrine of res ipsa loquitur does not apply to plaintiffs' case.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.