J-S65031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEANNETTE GUMBY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARNS PRIME AND FANCY FOOD, | : | No. 1030 MDA 2019 |
| LTD. | : | |

Appeal from the Order Entered June 4, 2019
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2017-CV-7013-CV

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 30, 2019**

Appellant, Jeannette Gumby, challenges the order granting summary

judgment in favor of Appellee Karns Prime and Fancy Food, Ltd.   After

careful review, we reverse.

In its opinion, the trial court set forth the facts of this case as follows:

The within negligence action arises out of a slip-and-fall which
occurred on October 11, 2015 at [Appellee]'s supermarket.
[Appellant] alleges that she "slipped on a liquid that had leaked
or spilled onto the floor" causing injury to her right shoulder,
neck, and back.[1]  Complaint, [2/23/2018, at 2, 4-5 ¶¶] 5, 14.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In her complaint, Appellant alleged, *inter alia*, that she --

[s]ustained bodily injuries, both new and/or aggravation of
existing conditions, including but not limited to injuries to her
right shoulder, including but not limited to focal partial -

*(Footnote Continued Next Page)*

> In her deposition, [Appellant] testified that she was walking at a normal pace, looking straight ahead, when she suddenly fell to the floor. [Appellee]'s Motion for Summary Judgment, Exhibit A, at 22-23. [Appellee] did not see anything on the floor prior to her fall. *Id.* at 23. She did not know, when she landed on the floor, what, if anything, caused her to fall. *Id.* [Appellant] believes that she slipped on liquid from smashed grapes based upon the statement of [Appellee]'s Assistant Manager, Noah Match, who assisted [Appellant] shortly after her fall, that he observed liquid in the area. *Id.* at 29-30.

Trial Court Opinion, filed June 4, 2019, at 1 (some formatting). Appellant "concedes that she does not know how the grape or grape liquid got to the floor" nor precisely "how long it was there[. Appellee]'s Motion for Summary Judgment, Exhibit A, at 35." *Id.* at 3, 5 (some formatting).

On February 23, 2018, Appellant commenced this action by complaint. On November 8, 2018, Appellee moved for summary judgment solely on the basis that Appellant "cannot sustain her burden of proving that [Appellee] either had a hand in the creation of the alleged dangerous condition or that

---

thickness tear of the supraspinatus tendon at its intersection onto the humerous, supraspinatus tendinosis with interstitial tear; synovitis and advanced cartilage injury of the patellofemoral joint; disc protrusion at L5-S1 in close contact with the traversing left S1 nerve root; disc protrusion at L2-L3 resulting in right neuroforaminal narrowing and bulging of the disc at the left neuroforamen at L3-L4 resulting in left neuroforaminal narrowing; as well as other injuries to her person for which Plaintiff has sought treatment or which have not yet been discovered[.]

Complaint, 2/23/2018, at 4 ¶ 14.a. In its motion for summary judgment, Appellee does not challenge the element of negligence that Appellant incurred actual damage. *See **Kovacevich v. Regional Produce Cooperative Corp.**,* 172 A.3d 80, 85 (Pa. Super. 2017).

[Appellee] had actual or constructive notice of the alleged dangerous condition." Appellant's Motion for Summary Judgment, 11/8/2018, at 2 (unnecessary capitalization omitted).

On December 10, 2018, Appellant filed an answer thereto, in which she presented the following facts in support of her argument that Appellee had notice of the hazardous condition that caused her slip and fall:

> 30. . . . The area of moisture and grape remnants was spread across at least four tiles. Deposition Transcript of Anna Collins,[2] Exhibit "B," [at] 15 . . .
>
> 31. . . . [Appellee] was aware that grapes, which caused [Appellant]'s fall, are packaged in bags that are susceptible to opening and having their contents fall to the floor; that grapes did fall upon the floors as a result; and that this present[ed a] falling hazard for customers. Deposition Transcript of [General Manager] Greg Martin, Exhibit "C," [at] 23[-]25[3] . . . Deposition Transcript of Anna Collins, Exhibit "B," [at] 11[4] . . .

---

[2] Collins was an employee of Appellee, who cleaned up the spill immediately after Appellant's fall. The notes of testimony from her deposition were attached to Appellant's Answer to Appellee's Motion for Summary Judgment as Exhibit B. All exhibits referenced hereinafter are cited according to the label used when they were attached to Appellant's Answer to Appellee's Motion for Summary Judgment.

[3] Martin's deposition included the following exchange:

> [Q. H]ow are the green grapes packaged, to your knowledge, at that time?
>
> A. They're usually packed, okay, in like a cellophane – like cellophane plastic bag that had like little holes, okay, through them.
>
> Q. And it was routinely that those bags are open; or they come open easily, correct?

*(Footnote Continued Next Page)*

33. . . . [Appellant] was not using a cart in the store. Deposition Transcript of [Appellant], Exhibit "A," [at] 50 . . . The grapes were smashed and separate, "kind of splattered everywhere," and there were cart tracks evident in the grape liquid on the tiles. Deposition Transcript of Anna Collins, Exhibit "B," [at] 13[]-14 . . . Anna Collins went to go clean up the spill immediately after [Appellant]'s fall and no other customers were present in the aisle. *Id.* [at 12, 20. Appellee] had in place no written policies or procedures for checking the produce section, or any section for debris or hazards. Deposition Transcript of Greg Martin, Exhibit "C," [at] 18 . . . ; Deposition Transcript of Noah Match, Exhibit "D," [at] 16 . . . [Appellee] maintained absolutely no written or other record of any floor maintenance at the store. Deposition Transcript of Noah Match, Exhibit "D," [at] 17[-]18 . . . [Appellee]'s sole procedure for addressing floor spills and hazards was simply for employees to clean up if they saw anything. [Deposition Transcript of Noah Match, Exhibit "D," at 19-20 (there was "[n]ot a specific person" "charged on that day with going around and checking the floors for debris").] . . .

36. . . . Collins also testified that . . . she never received any floor maintenance or safety training by [Appellee] of any kind. Deposition Transcript of Anna Collins, Exhibit "B," [at] 17 . . .

41. . . . Match and his supervisor, General Manager Greg Martin, testified that [Appellee] conducted no floor maintenance or safety training for employees. Deposition Transcript of Noah March, Exhibit "D," [at] 22[;] Deposition Transcript of Greg Martin, Exhibit "C," [at] 23[.]

---

A.    Yep, yeah. . . .

Q.    And is it fair to say that those things [in the produce aisle] are more apt to separate from their display area or their packaging than say other parts of the store?

A.    Yes.

Deposition Transcript of Greg Martin, Exhibit "C," at 24.

[4] Collins's deposition included the following exchange:

*(Footnote Continued Next Page)*

Appellant's Answer to Appellee's Motion for Summary Judgment, 12/10/2018, at 2-4 ¶¶ 30-31, 33, 36, 41. Appellant maintained that her cause of action for negligence was viable pursuant to Sections 343 and 344 of the Restatement (Second) of Torts.[5] Appellant's Brief in Opposition to Appellees' Motion for Summary Judgment, 1/17/2019, at 9, 13.

On June 4, 2019, the trial court entered an order granting the motion for summary judgment on the basis that Appellant "did not know how the grape or grape liquid got to the floor" and failed to establish that Appellee had actual or constructive notice of the condition. Trial Court Opinion, filed

_____

> Q. Did you ever notice that produce would fall on the floor in the produce section?
>
> A. Yes. . . .
>
> [Q.] And were you familiar with how the grapes were packaged?
>
> A. Yes. They were put in bags, and the bags were placed on the shelves.
>
> Q. Okay. And sometimes those bags would pop open, right?
>
> A. Yes.
>
> Q. And grapes would fall down?
>
> A. Yes.

Deposition Transcript of Anna Collins, Exhibit "B," at 11.

[5] Sections 343 and 344 of the Restatement (Second) of Torts are quoted in their entirety below.

June 4, 2019, at 2-3. On June 26, 2019, Appellant filed this timely direct

appeal.[6]

Appellant presents the following issue for our review:

Whether the trial court erred in finding that Appellee is entitled to summary judgment where the record, when viewed most favorably to Appellant, supports a finding that Appellee had notice of the condition that caused Appellant's fall and where the trial court erred in failing to consider and properly apply material facts of record, including the testimony of Appellant's employees concerning the nature of the spill, lack of floor maintenance policy and inordinate occurrence of spills in the area of Appellant's fall?

Appellant's Brief at 5.

Entry of summary judgment is governed by Rule 1035.2 of the Rules

of Civil Procedure:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

---

[6] On July 22, 2019, Appellant filed her statement of errors complained of on appeal. Two days later, the trial court entered an order stating that the opinion accompanying its order of June 4, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

Pa.R.C.P. 1035.2.

> Our standard of review of an appeal from an order granting summary judgment is well settled: Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

***Newell v. Montana West, Inc.***, 154 A.3d 819, 821–22 (Pa. Super. 2017) (citations and internal quotation marks omitted).

***Reason v. Kathryn's Korner Thrift Shop***, 169 A.3d 96, 100 (Pa. Super. 2017).

> To hold a defendant liable for negligence, the plaintiff must prove that: (1) the defendant had a legally recognized duty to conform to a standard of care; (2) the defendant breached that duty; (3) the defendant's conduct caused the resulting injury; and (4) the plaintiff incurred actual damage. ***Newell v. Montana West, Inc.***, 154 A.3d 819, 822 (Pa. Super. 2017).
> . . .

> Section 343 [of the Restatement (Second) of Torts] provides:

>> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

>>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

>>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

- 7 -

(c) fails to exercise reasonable care to protect them against the danger.

Comment *a* to Section 343 states that it "should be read together with" Section 343A, which provides:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Section 344 provides:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

***Kovacevich v. Regional Produce Cooperative Corp.***, 172 A.3d 80, 85, 90-91 (Pa. Super. 2017).

In the current action, as Appellant was invited to enter and to remain at Appellee's premises for the purpose of doing business with the market, she was a business invitee and thus had a special relationship with Appellee. ***See Reason***, 169 A.3d at 102 ("As Reason was invited to enter and to

remain at Kathryn's Korner for the purpose of doing business with the thrift shop, she was a business invitee and thus had a special relationship with Kathryn's Korner.").

Our next question therefore is whether Appellee breached its duty to conform to a standard of care. **Kovacevich**, 172 A.3d at 85.[7]

"The mere happening of an accident does not charge a defendant with liability; res ipsa loquitur has no application. It was for plaintiff to prove some specific default or, at least, existing conditions which raised an inference of negligence as an indispensable basis of recovery." **Reay v. Montgomery Ward & Co.**, 35 A.2d 558, 558 (Pa. Super. 1944). In order to demonstrate that a defendant breached its duty to conform to a standard of care --

> a store must have notice of the harmful condition. In determining whether this element is met, the following principles apply:
>
> [I]f the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner

---

[7] Appellee motioned for summary judgment and the trial court granted said motion exclusively on this element of negligence. Appellant's Motion for Summary Judgment, 11/8/2018, at 2; Trial Court Opinion, filed June 4, 2019, at 2-3. Hence, we need not address the remaining elements of negligence. **See Kovacevich**, 172 A.3d at 85.

had constructive notice of it. Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Myers v. Penn Traffic Co.*, 606 A.2d 926, 929 (Pa. Super. 1992) (*en banc*) (citation omitted) (some formatting).

Preliminarily, we note that, in the current action, there is no evidence that Appellee's employees or anybody associated with Appellee dropped the grapes or liquid or were otherwise responsible for the presence of the transitory dangerous condition. *See id.* There is also no evidence that they had been told about the particular fallen grape(s) or liquid at issue prior to Appellant's slip and fall. *See id.*

Accordingly, we must determine whether there was any evidence to create a genuine issue of material fact as to whether: the condition was one which Appellee knew had frequently recurred and Appellee failed to exercise reasonable care; or the condition existed for any period of time prior to Appellant's fall so as to impute that Appellee had constructive notice of its existence. *See* Pa.R.C.P. 1035.2; *Myers*, 606 A.2d at 929.

We first consider whether there is a genuine issue of material fact as to whether Appellant can establish that such spills were a recurring occurrence; if so, Appellant must also present evidence that Appellee had

not exercised due care to keep the aisle clean. In ***Markman v. Fred P. Bell Stores Co.***, 132 A. 178, 180 (Pa. 1926), our Supreme Court stated:

> The mere presence of such [vegetable] refuse . . . does not in itself show negligence, for this condition may temporarily arise in any store of this character, though the proprietor has exercised due care; and, if it appears that proper efforts are made to keep clean the passageways so they may be safely traversed, he is not to be held responsible if some one accidently slips and falls. Where, however, it is disclosed, as here, that the dangerous condition, arising from the same cause, was not a mere chance occurrence, but so often repeated as to call for frequent notices to the owner, . . . and the same situation was shown to have existed when the customer was hurt, we cannot say the jury was not justified in finding defendant failed in his legal duty.

The Supreme Court repeated this principle in ***Morris v. Atlantic & Pacific Tea Co.***, 121 A.2d 135, 138 (Pa. 1956):

> With th[e] prescience of inevitable pedestrian danger in the area under the defendant's supervision and control, it was a question of fact for the jury whether the defendant here did anything, or enough, in an endeavor to prevent accidents which, in the very sequence of inevitable phenomena, could easily occur.

This Court has also noted: "If the condition is one which the owner knows has frequently recurred, then actual notice of the condition may properly be found." ***Borsa v. Great Atlantic & Pacific Tea Co.***, 215 A.2d 289, 292 (Pa. Super. 1965).

In the instant appeal, both Appellee's General Manager Greg Martin and its employee, Anna Collins, testified at their respective depositions, that bags of grapes would "routinely" come open and their contents would spill to the floor, causing a falling hazard for customers. Deposition Transcript of Greg Martin, Exhibit "C," at 23-25; Deposition Transcript of Anna Collins,

Exhibit "B," at 11. Martin additionally testified that produce, in general, was "more apt to separate" from its "display area" or "packaging" than other products found in the store, and Collins agreed that "produce would fall on the floor in the produce section[.]" Deposition Transcript of Greg Martin, Exhibit "C," at 24; Deposition Transcript of Anna Collins, Exhibit "B," at 11.

Ergo, assuming the jury were to find Martin's and Collins's testimony to be credible, it could conclude that the dangerous condition at issue in the instant case – grapes and their juice on the floor of the produce aisle – was one that Appellee knew frequently recurred; if so, actual notice of the condition may properly be found. *Borsa*, 215 A.2d at 292.

Thus, the next question must be whether Appellee's "conduct or failure to act meets the standard of reasonable care and diligence[,]" which "is normally a matter for the jury to determine unless the evidence clearly establishes as a matter of law that [it] is not chargeable with fault." *Blasi v. Bonnert*, 142 A.2d 752, 755 (Pa. Super. 1958); *see also Greco v. 7-Up Bottling Co. of Pittsburgh*, 165 A.2d 5, 10 (Pa. 1960) (whether defendant's "conduct or failure to inspect met the standard of reasonable care and diligence was a matter for the jury").

In the instant matter, Collins testified that she never received any floor maintenance or safety training, and Martin and March corroborated that none of Appellee's employees received such training. Deposition Transcript of Anna Collins, Exhibit "B," at 17; Deposition Transcript of Greg Martin, Exhibit "C," at 23; Deposition Transcript of Noah March, Exhibit "D," at 22.

Martin and March also both testified that Appellee had no written policies or procedures for checking the produce section or any aisle for debris or hazards. Deposition Transcript of Greg Martin, Exhibit "C," at 18; Deposition Transcript of Noah Match, Exhibit "D," at 16. Match further testified that Appellee did not require its employees to keep a written record or any log of floor maintenance at the store. Deposition Transcript of Noah Match, Exhibit "D," at 17-18. According to Match, Appellee's sole procedure for addressing floor spills and hazards was simply for employees to clean up if they saw anything; there was no specific person charged with going around and checking floors. *Id.* at 19-20.

Given this evidence, we find that there was a genuine issue of material fact as to whether Appellee exercised reasonable care to discover and to protect against the dangerous condition of fallen grapes and their juice, and this genuine issue should have been submitted to the jury, as fact-finder. *See* Pa.R.C.P. 1035.2; *Kovacevich*, 172 A.3d at 90-91.

We note that, in reaching the opposite conclusion, the trial court had relied heavily upon *Myers*, 606 A.2d 926. Trial Court Opinion, filed June 4, 2019, at 2-4. However, *Myers* can be distinguished from the current action, because, in *Myers*, the "appellant ha[d] presented no evidence that appellee failed to exercise reasonable care." 606 A.2d at 930. Similar to the current appeal, the appellee in *Myers* owned a supermarket, and the appellant slipped on a grape in the produce aisle. *Id.* at 927-28. Nevertheless, in *Myers*, unlike in the current case, the market "had assigned two employees

- 13 -

to watch over" the produce section, who had to "clean the entire time that they are on duty[,]" and, accordingly, the appellant could not establish that the appellee failed to exercise reasonable care and thus was negligent in maintaining the produce aisle. *Id.* at 929-31.

*Myers*, *id.* at 930-31, relies heavily on *Martino v. Great Atlantic & Pacific Tea Company*, 213 A.2d 608 (Pa. 1965). In *Martino*, as in the current matter and in *Myers*, the plaintiff had slipped on a grape on the floor of the defendant's store. *Id.* at 609. Also like the instant action, the plaintiff in *Martino* presented testimony that produce frequently fell to the floor. *Id.* Nonetheless, contrary to the instant appeal, the store in *Martino* had an employee who was required to keep the produce area, including the floor, clear of debris. *Id.* at 610. The Supreme Court of Pennsylvania concluded that the store's actions did not "constitute[] negligence . . . , since every reasonable effort was made to keep the passageway clean." *Id.* Consequently, *Myers* and its controlling case, *Martino*, can be differentiated from the instant appeal.

For these reasons, if the evidence is viewed in the light most favorable to Appellant as the non-moving party, there are genuine questions of material fact as to whether the hazardous condition at issue was one that has frequently recurred and whether Appellee had exercised reasonable care to discover and to cure such transitory hazardous conditions. *Kovacevich*, 172 A.3d at 90-91; *Reason*, 169 A.3d at 100; *Myers*, 606 A.2d at 929. These questions thereby should have been submitted to a jury, as fact-

- 14 -

finder, and the trial court's grant of summary judgment thus was improper. Pa.R.C.P. 1035.2.

In the alternative, even assuming there were no genuine issues of material fact as to whether grape spills or grape juice spills in general were a recurring occurrence in Appellee's produce aisle, there may still be genuine issues of material fact as to how long this particular grape spill or grape juice spill was on Appellee's floor prior to Appellant's fall. *See* Pa.R.C.P. 1035.2; *Myers*, 606 A.2d at 929.

> The question whether a landowner had constructive notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question of fact. As such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion.

*Commonwealth of Pennsylvania, Department of Transportation v. Patton*, 686 A.2d 1302, 1305 (Pa. 1997); *see also Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co.*, 106 A.3d 27, 41 (Pa. 2014) ("[t]he question of constructive notice was a major issue in this case, and there was substantial conflicting evidence on the issue"; "[i]t was therefore not a question to be decided by the court").

"The length of time required to fasten constructive notice of a dangerous condition on the owner of premises open to the public fluctuates according to the nature of the establishment and the need for inspection." *Davanti v. Hummell*, 185 A.2d 554, 555 (Pa. 1962).

In ***Lanni v. Pennsylvania Railroad Co.***, 88 A.2d 887, 889 (Pa. 1952), the Supreme Court of Pennsylvania concluded that the absence of any "other footprints" on a grease or oil spill on which plaintiff slipped "indicate[d] that it was of recent origin[.]" In ***Mack v. Pittsburgh Railways Co.***, 93 A. 618, 619 (Pa. 1915), another slip-and-fall, the Pennsylvania Supreme Court likewise found that, although "[t]he length of time that [grease] remained in the [train] car was not shown by direct evidence, . . . the jury would have been warranted in finding that it had remained there for some time," because it "had footmarks in it, and had been tramped over by other persons on the car, manifestly before the plaintiff attempted to alight, as no person immediately preceded her to the front door."

A long line of federal court cases[8] have extrapolated from our Supreme Court's reliance on footprints through a slick condition to determine

---

[8]    "[A]lthough we are not bound by decisions from . . . courts in other jurisdictions, we may use them for guidance to the degree we find them useful, persuasive, and . . . not incompatible with Pennsylvania law." ***Ferraro v. Temple University***, 185 A.3d 396, 404 (Pa. Super. 2018) (citing ***Newell v. Montana West, Inc.***, 154 A.3d 819, 823 & n.6 (Pa. Super. 2017)), *reargument denied* (June 27, 2018); ***see also*** [***Commonwealth v.***] ***Manivannan***, 186 A.3d [472,] 483 [(Pa. Super. 2018),] ("When confronted with a question heretofore unaddressed by the courts of this Commonwealth, we may turn to the courts of other jurisdictions.").

***Farese v. Robinson***, 2019 PA Super 336, *23 (filed November 8, 2019).

constructive notice thereof to include reliance on "tracking" through the condition – including shopping cart tracks – in order to show constructive notice of the condition. *Craig v. Franklin Mills Associates, L.P.*, 555 F. Supp. 2d 547, 552 (E.D. Pa. 2008) (presence or absence of "footprints or cart tracks" through puddle can be considered to show constructive notice of condition); *Watson v. Boston Market Corp.*, No. CV 17-5648, 2019 WL 1359739 at *3 (E.D. Pa. Mar. 26, 2019) (memorandum) ("[e]vidence demonstrating that a substance has existed on the floor for some significant period of time includes footprints or tracking through the substance"); *Rodgers v. Supervalu, Inc.*, No. CV 16-3641, 2017 WL 895590 at *4 (E.D. Pa. March 6, 2017) (memorandum) ("evidence that the puddle was recent" includes testimony that "it was clear and there were no footprints or trails from shopping carts through it"), *aff'd sub nom. Rodgers v. Moran Foods LLC*, 720 F. App'x 676 (3d Cir. 2018); *Katz v. Genuardi's Family Markets, Inc.*, No. CIV.A. 09-645, 2010 WL 2720747 at *3 (E.D. Pa. July 8, 2010) (memorandum opinion) ("evidence of tracking in the spilled substance, for instance, is evidence of temporal duration and can support a finding of constructive notice, while the absence of tracking from the area of a spill is evidence that the spill is one of recent origin"); *Hower v. Wal-Mart Stores, Inc.*, No. CIV.A.08-1736, 2009 WL 1688474 at *7 (E.D. Pa. June 16, 2009) (memorandum) ("the spill here contained no footprints or shopping cart tracks to suggest how long it was on the floor before the accident"; "[u]nder these circumstances, a reasonable jury could not

conclude that Defendant had constructive notice of the spill"); ***Evans v. Canteen Corp.***, No. CIV. A. 94-2381, 1995 WL 355231 at *2 (E.D. Pa. June 13, 1995) (memorandum and order) (citing ***Gales v. United States***, 617 F. Supp. 42, 44 (W.D. Pa. 1985); ***Lanni***, 88 A.2d 887) ("[a]n important factor in actions where the plaintiff slips on a spilled substance is whether there are footprints or 'tracking' through and around the area of spill. Tracking indicates the spilled substance has been present long enough to give the proprietor constructive knowledge of its presence.").

In the current action, although there was no mention of footprints through the spill, there was evidence of shopping cart tracks. Deposition Transcript of Anna Collins, Exhibit "B," at 13-14. Appellant had not been using a shopping cart when she fell, so the tracks could not have been caused by her. Deposition Transcript of Appellant, Exhibit "A," at 50. No other customers were present in the produce aisle at the time that Appellant slipped and fell, Transcript of Anna Collins, Exhibit "B," at 12, 20; as in ***Mack***, 93 A. at 619, a jury could infer from the fact that the spill was tracked even though no one had immediately preceded the plaintiff that the spilled substance had remained there for some time. Consequently, a jury, if it found Appellant's and Collins's testimony to be credible, could infer from this evidence of tracking not caused by Appellant that the spilled substance had been present long enough to give Appellee constructive notice of its presence. ***See Lanni***, 88 A.2d at 889; ***Mack***, 93 A. at 619; ***Craig***, 555 F. Supp. 2d at 552; ***Watson***, No. CV 17-5648, 2019 WL 1359739 at *3;

*Rodgers*, No. CV 16-3641, 2017 WL 895590 at *4; *Katz*, No. CIV.A. 09-645, 2010 WL 2720747 at *3; *Hower*, No. CIV.A.08-1736, 2009 WL 1688474 at *7; *Evans*, No. CIV. A. 94-2381, 1995 WL 355231 at *2.

Accordingly, whether the grape or juice existed on Appellee's floor for any period of time prior to Appellant's fall so as to impute that Appellee had constructive notice of its existence is a fact essential to the cause of action which in a jury trial would require the issue to be submitted to the jury. *See* Pa.R.C.P. 1035.2.

For the reasons set forth above, we reverse the trial court's order granting summary judgment and reinstate Appellant's cause of action for negligence. We remand for further proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2019

- 19 -